### STAFFORD vs. BROWN and others.

In a proceeding as for a contempt, against a party to the suit, to compel the appearance or answer of a defendant, or to enforce the performance of a decree or order, the affidavits and other proceedings, as well after as before the order for an attachment, are properly entitled in the original cause.

In proceedings as for contempts against witnesses, or others who are not parties to the suit, the affidavits and papers, previous to and including the order for attachment, should be entitled in the original cause, and all subsequent proceedings should be in the name of the people, on the relation of the party prosecuting the attachment.

In prosecutions for criminal contempts, all proceedings subsequent to the order for an attachment, or to show cause, including such order, should be in the name of the people.

If the complainant makes oath that a discovery from the defendant is necessary, he is entitled to an order that the defendant answer the bill or be attached; and the court will not, in that stage of the suit, inquire whether a discovery is necessary. But if the complainant abuses the power to compel an answer from the defendant under the 24th rule, the court will take it into consideration in deciding the question as to the general costs of the cause.

The order that the defendant answer in forty days or that he be attached, should be served on his solicitor, where he has appeared by a solicitor; and it is not necessary that it should be served on the defendant personally.

If an attachment which is returnable on a particular day, is not received by the sheriff in time to serve it, and to bring the defendant before the court, at the place where it is to be held on the return day, he should not arrest the defendant on the attachment, but should return it *tarde*.

Where the sheriff neglected to serve an attachment until it was too late for the defendant to appear at the time and place where it was returnable, the court set aside the arrest of the defendant on the attachment.

January 28.

THIS was an application on the part of Nehemiah Brown, to set aside the order for an attachment against him for not answering the complainant's supplemental bill, and that the costs paid to the officer who served the attachment might be

refunded. It appeared by the affidavits in the cause, that after this defendant had appeared to the supplemental bill, by his solicitor, the complainant, upon the filing of an affidavit that a discovery was necessary from him, obtained an order, of course, under the 24th rule of this court, requiring him to put in his answer to the supplemental bill in forty days, after service of a copy of the bill and notice of the order, or that an attachment issue. The copy of the bill and notice of the order, were served on the solicitor of the defendant N. Brown, and the usual time having elapsed, an order for an attachment was entered, upon an affidavit showing the default. An attachment was taken out and enclosed in a letter to the sheriff of Oneida, with directions to execute the same immediately, unless N. Brown would consent to answer the bill, and should send to the complainant's solicitor a stipulation to that effect, and should pay the costs, a bill of which was annexed to the letter. The sheriff arrested N. Brown on the return day of the attachment, who, upon such arrest, stipulated to answer the bill, and paid the bill of costs, to the sheriff. A preliminary objection was raised on the part of the complainant, that the affidavits, on which the motion was founded, were entitled in the suit, and not in the matter of the attachment.

*J. Lansing,* for the complainant.

*J. A. Spencer,* for the defendant.

THE CHANCELLOR. The preliminary objection of the complainant as to the entitling of the papers is not well taken. In proceedings against parties to the suit, in the ordinary progress of the cause, as to compel the appearance or answer of a defendant, or to enforce the performance of a decree or order of the court, the practice in England appears to be to entitle the affidavits petitions and orders in the cause, as well after as before the order for an attachment has been entered. (*See* 2 *Newland's Ch. Prac.*, 3 *Lond. ed.* 329. 2 *Grant's Pr.* 46, 219, 239.) This, also, is the most convenient and proper practice in such cases. And where an order, in such a case,

is not entitled in the cause, it should always show on its face at whose instance or for whose benefit it was made ; so that the adverse party may know who are the proper persons to be made parties to an appeal from such order. In proceedings as for contempts, against witnesses and others who are not parties to the suit, the practice of the courts of common law appears to be the most appropriate. That is, to entitle the order for the attachment in the cause, and to entitle all subsequent proceedings on such order in the name of the people, on the relation of the person who is prosecuting the attachment against the defendant therein, or the party proceeded against. (*See Folger* v. *Hoogland, 5 John. Rep.* 235.) In proceedings for contempts which are strictly criminal, all the proceedings after the granting of the attachment, or order to show cause, and including the order, should be in the name of the people. As there has been no uniform practice in this court as to the entitling of orders and proceedings to enforce the rights or remedies of parties to the cause, as between themselves, it cannot be irregular to entitle them either way.

There is no validity in the objection, that the order for the defendant to answer, or that he be attached, was served on his solicitor in the cause. Such is the uniform practice of the court in such cases. It is also in conformity with the provisions of the statute. (2 *R. S.* 180, § 77.)

The defendant's solicitor is incorrect in supposing that this court will inquire whether a discovery from a defendant in the cause is absolutely necessary, upon an application to set aside the usual order, that the defendant answer the complainant's bill or be attached. To enable the court to do this, it might, in many cases, be necessary to prejudge the whole merits of the cause. By the English practice, the process of contempt was the ordinary means of compelling an answer, or of obtaining a decree taking the bill as confessed. The 24th rule of this court, however, has limited the right of the complainant, to require an answer in all cases, by making it necessary for him to file an affidavit that a discovery is necessary, before he can have an order that the defendant answer or be attached. But if such affidavit is filed, the order is regular ; and the court will not, in that stage of the suit, inquire

whether it would not have been equally beneficial to the complainant if the defendant had suffered the bill to be taken as confessed. If the complainant is guilty of an abuse of this power to compel an answer, and subjects a defendant to useless expense, the court will take that matter into consideration, upon the hearing, in disposing of the question as to the general costs of the cause.

It was improper for the deputy sheriff, who served the attachment, to delay the service thereof, until it was too late to bring the defendant into court on the return day. If the process was not received in time to enable him to comply with the exigency thereof, he should not have arrested the defendant thereon, but should have returned it *tarde.* The defendant was not bound to give security for his appearance at the return day of the attachment, when a compliance with the condition of the bond would have been impossible. The arrest of the defendant on the attachment must therefore be set aside ; and the sheriff must refund to him the amount received for costs at the time of such arrest. But as the complainant's proceedings have been regular, as to the entering of the order and the issuing of the attachment, the motion to set aside these proceedings must be denied. The defendant must pay the costs of the former proceedings, upon his default in not answering, which accrued previous to his arrest by the sheriff, after such costs shall have been taxed by the proper officer. And he must put in his answer to the supplemental bill, within twenty days after the service of the order to be entered on this decision, or the complainant may take out a new attachment.

The defendant, Nehemiah Brown, must also pay to the solicitor for the complainant, his costs of opposing this application, to be taxed at a sum not exceeding ten dollars.