THE PEOPLE, ex rel. Morrison, *vs.* BROWER.

Where an order was made by the court, directing a party to deposit a paper in his possession with the master, forthwith, *Held,* that the order must be complied with immediately, or within a reasonable time after notice of the order; and that the party was not entitled to twenty-four hours after service of the order to comply therewith.

A party is in contempt for not obeying an order served upon his solicitor, if knowledge of such service was brought home to him, in the same manner as if the order had been served on himself personally.

THIS was an appeal from an order of the vice chancellor of March 18. the first circuit, directing the defendant, Brower, to be committed for a contempt, in refusing to deposit a deed with the master, as directed by a former order of the court.

*H. E. Davies,* for the relator.

*W. P. Hawes,* for the defendant.

THE CHANCELLOR. There is no doubt in this case that the vice chancellor had jurisdiction over the parties in the original cause, so as to give him the authority to order the deed of the mortgaged premises, under which all the parties claimed title, to be deposited with the master, for the inspection of the purchaser, and that it might be recorded. As that order was not appealed from, its correctness cannot be inquired into as a ground for reversing a subsequent order to commit the defendant. I have no doubt, however, that the order to deposit the deed was proper, and such an one as the complainant had a right to ask for, under the circumstances of the case. The order having been made, it was the duty of the vice chancellor to enforce a compliance with the terms thereof. The direction was to deposit the deed forthwith, which in this order does not mean within twenty-four hours, according to the technical meaning of the word instanter as used in courts of common law; but it meant immediately, or within a reasonable time after notice of the order.

I am relieved from the necessity in this case of inquiring whether the defendant, or the solicitor who made the affidavit as to the personal service on him, has been guilty of·a wilful perversion of truth ; though, if the case turned on that point, I apprehend there would be but little difficulty in arriving at a correct conclusion on that subject. I am satisfied, however, that a personal service of the order in this case was not neces= sary to bring the defendant into contempt for disobeying it. According to the settled practice of the court, if an order is served on the solicitor and knowledge thereof is brought home to the party whose duty it is to obey the same, he may be punished for a wilful disobedience of the order, in the same manner as if it had been personally served on himself. It appears by the affidavit of Davies, and which is not denied by the affidavits on the other side, that a copy of the order to deposit the deed was served on the solicitor of Brower at half past ten o'clock in the morning, and that half an hour afterwards the solicitor informed Davies that he had shown the copy of the order to his client, and that he would not comply therewith. As the defendant was expressly called upon, by the interrogatories, to admit or deny this allegation, and he has not availed himself of that opportunity to deny it, the statement in the affidavit of Davies as to what the solicitor of Brower informed him, is sufficient evidence to charge the defendant with a wilful disobedience to the order of the court. Again ; if he did not mean to contemn the authority of the court, he should have produced the deed, or offered to deliver it to the master, when he was brought into court to answer for his misconduct. In the recent case of *Stafford* v. *Brown*, decided in January last, this court held that a service of the order to answer, made upon the solicitor for the defendant, as directed by the statute, (2 *R. S.* 180, § 77,) was sufficient to bring his client into contempt for disobeying the order, although it did not appear that the solicitor ever gave him notice thereof. Here there can be no doubt that the defendant had notice of the order to deposit the deed, and that he had at least an hour to comply therewith, before the master certified his default, when the order might probably have been complied with in five minutes. And there can be no doubt that the

relator has been prejudiced by this improper conduct of the defendant, inasmuch as he has been prevented thereby from consummating the sale.

The order appealed from must therefore be affirmed, with costs.