## SUPREME COURT.

BECKER AND HOTCHKISS adm'rs, &c. agt. HAGER

A defendant who has appeared but not answered, is not entitled to notice of an application for an injunction. It is not an " ordinary proceeding " in the action (§ 414).

The *service* of an injunction upon the *attorney* instead of the party who has appeared is irregular, for the same reason, that it is not an " ordinary proceed- ing " in the action (§ 417). And because no proceedings for a violation of the injunction can be founded on such service.

*Administrators* are bound to account upon the application of any one interested in the estate. And if the administrators claim that the applicant has no interest in the estate, that is a sufficient defence before the surrogate, but is not cause for relief by injunction.

*Schoharie Special Term, November* 1852. *Motion to dissolve injunction.* The action was commenced, in May 1852, by the service of a summons, without complaint. The defendant duly appeared and demanded a copy of the complaint. On the first of November a copy of the complaint, and also of an injunction, which had been granted on the same day by a justice of this court, without notice to the defendant's attorney, were served.

The complaint alleges, in substance, that the defendant, in 1842, had married the daughter of Roswell Hotchkiss, now deceased; that they separated in November 1849, and, in August 1850, the wife died; that the defendant, in August 1843, had made and delivered to his wife his note for $600, for money he had received from her father; that when the separation took place, the wife went to reside with her three sisters; that on the 7th of May 1850, an arrangement was made between the defendant, and his wife, and her sisters, whereby the defendant agreed to restore to his wife all the goods he had received of her, and to pay her, for her own use, $1000, for which sum he then made and delivered to her his notes, payable to her or bearer, in one year with interest; that the $600 note was then given up to the defendant; that the defendant then also agreed to relinquish all further claim for the share of his wife in her father's estate, he having died December 1845; that the wife, on the

Becker and Hotchkiss agt. Hager.

12th of May 1850, assigned to her three sisters all her property and effects, including her interest in her father's estate; that on the 3d of June 1851, the defendant made application for, and obtained from the surrogate of Delaware, letters of administration upon the estate of his wife, and, subsequently, commenced proceedings before the surrogate against the plaintiffs for the recovery of his wife's share of her father's estate. Upon these facts, the injunction was allowed restraining the defendant from all further proceedings before the surrogate, and from prosecuting any other suit against the plaintiffs for the property of his deceased wife. The injunction was not served upon the defendant personally. It was only served upon his attorney with a copy of the complaint.

A. BECKER, *for Plaintiffs.*

S. A. GIVENS, *for Defendant.*

HARRIS, Justice.—The 414th section of the Code declares that where notice of appearance has been given notice of all the ordinary proceedings in the action shall be served on the party or his attorney. But this provision does not embrace provisional remedies. These are not " ordinary proceedings," within the sense of the term as used in this section. Though a defendant has appeared, he is not entitled to notice of an application for an order to arrest him. Neither is he entitled to notice of an application for an injunction before he has answered. This injunction, therefore, was regularly obtained.

But the plaintiffs' attorney is mistaken in supposing that he was required, by the 417th section of the Code, to serve the injunction on the attorney, instead of the party. This section, like the 414th, applies to the *ordinary proceedings* in the action. Service of an injunction upon the attorney might be sufficient as a notice to him of the plaintiff's rights, but it could never be made the foundation of a proceeding against the defendant for its violation. This defective service, however, furnishes no reason why the order itself should be set aside.

Upon the merits, I think the injunction can not be sustained. The plaintiffs are the administrators of Roswell Hotchkiss, deceased; as such, they bring this action. The burden of their

complaint is, that the defendant, as the administrator of the estate of his wife, is taking proceedings before the surrogate of Delaware, to compel them to account as administrators. Of this they have no right to complain. They are bound to account upon the application of any one interested in the estate; and, if the defendant is not interested, they have a sufficient defence before the surrogate.

But the plaintiffs say the interest of the defendant's wife in the estate was assigned by her to her sisters, with the consent of the defendant. Let it be conceded that this is so, how does this concern the plaintiffs as administrators? They are to account for the property which has come into their hands as assets. Whether they are to pay the share of the defendant's wife to him or to her sisters, is a question in which they have no legal interest. The parties to such a controversy are the respective claimants of the fund. The plaintiffs should content themselves with a due administration of the estate, and let those who have an interest in the distribution, litigate between themselves. I am of opinion that the plaintiffs have not shown themselves entitled to the relief they seek. The order of injunction must, therefore, be vacated, with ten dollars costs.