# PRACTICE REPORTS.

## SUPREME COURT.

### John D. Livingston agt. James Swift.

An *order* of a judge in supplementary proceedings discharging a defendant from an order to show cause why he should not be punished for contempt, is *appealable*.
Where the defendant in supplementary proceedings has knowledge of an *injunction*, information of its contents, and was present in court when it was made, it is sufficient to impose upon him the duty of obeying it, at least so far as the pecuniary rights of the plaintiff are concerned, although in making service upon the defendant the *original* injunction order was not exhibited to him.

*Albany General Term, December,* 1861.
Gould, Hogeboom and Peckham, *Justices.*

Appeal from an order made by the Albany county judge on proceedings supplementary to execution and discharging defendant from an order to show cause why he should not be punished for contempt.

The leading facts are as follows : An order was made in this action, on an affidavit on behalf of plaintiff's assignor, by which the judge appointed E. Newcomb, Esq. to take the examination of defendant and return the same to the judge.   The order contained the usual restraining clause forbidding a transfer or other disposition of the property of the judgment debtor not exempt from execution, and any interference therewith.  (*Code,* § 298.)   The order was served upon defendant, and the affidavit set forth that a copy of the same had been served upon defendant, and the original at the same time had been exhibited to him.   On

the hearing before the judge on the order to show cause, the defendant testified that the original had not been shown to him at the time of such service. It would appear that the judge gave effect to his testimony, and on that ground discharged the defendant. The defendant appeared before the referee, and was examined from time to time, and made no objections to the service of the order. Upon the examination before the referee, it appeared that defendant had received the sum of $400 after the order was served on him, and which was due him before the service of the order. The examination of the referee was returned to the judge, and such facts appeared from it, and especially the receipt of the aforesaid money; that the judge made an order upon said return, that the defendant show cause why he should not be punished for a disobedience of the order. Upon the service and·return of the order to show cause, the defendant undertook to show that the original order had not been exhibited to him, and the judge made an order dismissing the proceedings on that ground. From the order dismissing the proceedings this appeal is brought by the plaintiff's assignee.

HENRY SMITH, *for plaintiff, appellant.*
CLINTON CASSIDY, *for defendant, respondent.*

By the court, HOGEBOOM, Justice. I think Judge WOLFORD's order discharging defendant, erroneous.

1. Whether the defendant was served with the injunction order in due form or not, by the exhibition of the original, is a disputed question of fact upon which the judge had a right to pass. But I think knowledge of the injunction, information of its contents, presence in court when it was made, would be fully sufficient to impose upon the defendant the duty of obeying it, at least so far as the pecuniary rights of the relator are concerned. (*Hull* agt. *Thomas*, 3 *Edw. Ch. Rep.*, 236; *People ex rel. Morrison* agt. *Brewer*, 4

*Paige*, 405 ; *Stafford* agt. *Brown*, 4 *Paige*, 360 ; *People* agt. *Compton*, 1 *Duer*, 563, *overruling or questioning Coddington* agt. *Webb*, 4 *S. S. C. R.*, 639 ; *People* agt. *Sturtevant*, 5 *Seld.*, 278.)

Whether, to make out a case of wilful and intentional disrespect to the process of the judge, so as to require him to punish for a criminal contempt of the dignity and authority of the court, the service should be by showing the original order, is not necessary to be considered. (1 *Barb. Ch. Pr.*, 639 ; *Code*, § 302 ; *Coddington* agt. *Webb*, 4 *S. S. C. R.*, 639 ; 3 *Cl. Dig.*, 3106.)

The cases are entirely distinct as to the remedy and the nature and object of the punishment, where a party's pecuniary rights have been affected or impaired. By a disobedience of the process or order of the court or officer, the court or judge has no discretion, but must impose a fine sufficient to indemnify the party. (2 *R. S.*, 538 ; *People* agt. *Compton*, 1 *Duer*, 515.) Where the dignity of the court has been assailed and treated with contempt, the court or judge is the guardian of its own dignity, and sole judge both as to the facts of the offence and amount of fine or imprisonment (within the statutory limits) requisite to vindicate its honor and dignity. (*Mitchell's case*, 12 *Abb.*, 249 : *Reynolds* agt. *McElhone*, 20 *How.*, 454.) As the evidence established an unquestionable case of contempt to the prejudice of the relator to the amount of the property received in violation of the injunction, it was imperative to punish the party to that extent.

2. The order was plainly appealable by the relator. It affected a substantial right, to his prejudice. He was substantially a party to the proceeding, and the non-conviction for the contempt and non-imposition of a fine was a direct damage to him to the extent of the money clearly received.

3. As the nature and the amount of the punishment to be imposed was (beyond the limits which we have named)

a matter of discretion with the officer, it is not perhaps appropriate that this court should attempt, on reversing this order, to make such order as the court below ought to have made, but leave the parties concerned to such future proceedings to vindicate and enforce their rights as they shall be advised.

The order of the county judge of Albany county should be reversed, with ten dollars costs to be paid by the respondent to the appellant, and without prejudice to the appellant to institute such further proceedings on account of the disobedience of the injunction order as he shall be advised.