RAMSTOCK and another vs. ROTH and another.

A strictly regular service of an injunctional order is not necessary to entitle the injunction plaintiff to proceed by attachment as for a contempt against the defendant, in order to obtain a restoration of his legal rights lost by a violation of the injunction.

Where copies of an injunctional order against waste, not certified by the clerk of court, were served personally upon the defendants, without showing them the original order, and, upon an affidavit showing a violation of the injunction to his damage, the plaintiff obtained an attachment against the defendants : *Held,* that the court erred in dissolving the attachment on the ground that the injunctional order had never been duly served.

APPEAL from the Circuit Court for *Washington* County.

In an action to foreclose a mortgage of real estate, the plaintiff obtained an order restraining the defendants from committing waste upon the mortgaged premises. On the summons annexed to the complaint, undertaking and injunctional order, was indorsed an affidavit of service, made by a person who was not an officer of the court, which stated that the affiant served such summons and complaint, undertaking and injunctional order, on the defendants, by delivering and leaving with each of them copies of the same, and that affiant knew the persons served to be the persons mentioned in said summons as defendants therein. Afterwards the plaintiff had a judgment of foreclosure and sale, and there was a deficiency after the sale of some $3000. Subsequently an affidavit of one of the plaintiffs was filed, which stated, *inter alia,* that the injunctional order had been duly served upon the defendants, and that the same had been violated by them in certain specified ways, to the plaintiff's damage in the sum of $1200, and that certain fixtures removed from the premises contrary to said order were still in the possession or under the control of the defendants. Upon this affidavit the plaintiffs obtained from the court an attachment against the persons of the defendants, as for a contempt. On the day when the attachment was made returnable, the defendants being then in court, the plaintiffs offered to file their interrogatories as by law provided ; but the court, on

motion of the defendants, discharged them from further an-swering in the attachment proceedings, on the ground that the injunctional order had never been duly served.    From this or-der the plaintiffs appealed.

*Smith & Cotzhausen*, for appellants, cited *Kimpton v. Eve*, 2 Ves. & B., 349; *Lewes v. Morgan*, 5 Price, 518; Drewry on In-junctions, 399; 1 Waterman's Eden, 99; *Hull v. Thomas*, 3 Edw. Ch. R., 236; *Osborne v. Tenant*, 14 Ves., 136; *James v. Downes*, 18 id., 522; *Van Sandau v. Rose*, 2 Jac. & Walk., 265; *Scott v. Becher*, 4 Price, 352; *The People v. Compton*, 1 Duer, 512; 5 Seld., 278; 4 Paige, 405, 360; 1 Craig & Phillips, 98; 4 Mylne and C., 498; *Livingston v. Swift*, 23 How. Pr. R., 1.

*Thorp, Shelly & Frisby*, for respondents, contended that the injunctional order must have been served upon the defendants by delivering to each of them a copy duly certified by the clerk of the court from which it issued, and at the same time showing the party served the original order signed by the judge of said court—the court not having directed any different kind of service in this case.    Voorhies's Code, 4th ed., 311, 312; 1 Barb. Ch. Pr., 631; 1 Whittaker's Pr., 266; Eden on Inj., 93; 3 Dan. Ch. Pr., 280; *Coddington v. Webb*, 4 Sandf., 639; *Watson v. Fuller*, 9 How. Pr. R., 426; *Wallis v. Glynn*, Coop-er's Cases, 282; 2 Monell's Pr., 2d ed., 212; *Mayor &c. of N. Y. v. Conover*, 5 Abb., 244; *Smith v. Smith*, 14 .id., 130; id., 468; 23 How. Pr. R., 134; 3 Paige, 86, note 1.

*By the Court*, DIXON, C. J.    A distinction is taken in some of the cases, whether the object of the prosecution for the al-leged contempt is to restore the party injured to his pecuniary rights, or to maintain the dignity and authority of the court. According to many of the cases, actual service of the injunc-tion is not necessary for either purpose, but it is enough that the party enjoined has knowledge that the injunction has been granted, however such knowledge may have been derived. But no case has fallen under our observation, where it has

been held that strictly regular service of the injunction was necessary to enable the injured party to prosecute in order to be restored to his legal rights lost by a violation of the injunction. On the other hand, there are several cases where it has been decided that such service was not requisite for that purpose. *Livingston v. Swift*, 23 How. Pr. R., 1, and cases cited. Such is the object of the prosecution in this case. The plaintiffs claim to have suffered great pecuniary damages by reason of the alleged disobedience of the injunction on the part of the defendants, after personal, though perhaps informal, service upon them of true copies of the order.

This we think, within the authorities, a sufficient service for that purpose.

Order reversed, and cause remanded for further proceedings according to law.