## POERTNER vs. RUSSEL and others.

(1, 2) INJUNCTION, *to prevent waste.*

(7) LANDLORD AND TENANT. — *Fixtures.*

(3–10) CONTEMPT. — (3) *When party charged may be examined on written interrogatories.* (4, 5) *What constitutes contempt in violating injunction order.* (8, 9) *What order adjudging a party guilty etc., should contain.* (10) *Payment of damages instead of fine; Imprisonment until money paid.*

1. Equity has undoubted jurisdiction to interfere by *injunction*, in favor of the owner of the reversion to stay or prevent *waste* threatened or being committed by tenant for life or years.

2. A complaint showing that certain machinery, belonging to plaintiff and part of his mill property, was about to be taken down and removed by defendants (who were in possession of the premises as tenants), to the great and irreparable injury of plaintiff and his property, *held* sufficient to give the court jurisdiction to award an *injunction*, even without the further averment (found in such complaint) of defendant's insolvency.

3. Under sec. 19, ch. 149, R. S., the court may order the party defendant to proceedings for a *contempt* to be *examined before a referee* on written interrogatories, not only where he has been arrested on an attachment, but also where the proceedings are *commenced by an order to show cause and no attachment has been issued*; such being the construction put by the courts of New York upon said statute before it was adopted here.

4. A party against whom an *injunction order* has been issued, is bound not only to abstain from violating it in person, but also to endeavor, in good faith, to prevent its violation by his agents or employees; otherwise he will be in contempt.

5. A party is bound to abstain from violating an injunctional order directed to himself from the time he *knows of its issue*, although it may not yet have been served upon him.

6. Where tenants, found in contempt for removing from plaintiff's premises in disobedience of an injunctional order, a machine alleged to have become a part of plaintiff's property, were required by reason of such contempt to pay plaintiff the value of the machine: *Held*, that if it should appear, on appeal from such order, that the machine had not in fact become a part of the property of the plaintiff, the *penalty* for the contempt must be regarded as *excessive*.

7. The premises leased were a mill property, and the complaint avers that it was provided in the lease that all improvements which might be put on said premises by said lessees during their term, should be left by them on the premises, and become the property of the plaintiff as soon as they should be so annexed; that the lessees put into said mill "certain machinery known as and called a *middling separator*, and machinery and fixtures connected therewith and appurtenant thereto; and that the same has become and is annexed to said premises, and constitutes part of the machinery of said mill." Proof that "said separator is a machine about twelve feet long, four feet wide, and six or eight feet high, which sits on the floor and can easily be removed; that it is a new patented device, and when defendants took said mill, was not in use, and was in fact not patented until some time thereafter," is no sufficient disproof of the averments of the complaint.

8. The order adjudging defendants in contempt, and imposing a penalty therefor, is not invalid because it "does not specify the particulars wherein the injunction has been violated, or the manner in which plaintiff has been injured;" those facts sufficiently appearing from the record.

9. Secs. 23, 24, ch. 149, R. S., do not apply to such a case, but only to one in which "the misconduct complained of consists in the *omission* to perform some act or duty which is *yet in the power of defendant to perform*."

10. Nor is such order irregular because it directs that in case of the non-payment of the sums which they are respectively ordered to pay, defendants shall be imprisoned in the county jail until the same shall be paid (R. S., ch. 149, sec. 25), although a *fine* is not imposed *eo nomine*, but defendants are required, instead thereof, to pay plaintiff the value of the property removed.

APPEAL from the County Court of *Milwaukee* County.

Appeal from an order adjudging the appellants in contempt for violating an injunction order.

The plaintiff commenced an action against the appellants and others, and alleged in his complaint that he leased to the defendants certain premises and a certain mill thereon, situated in the city of Milwaukee, for one year from March 1, 1872; that it was provided in such lease "that all improvements which might be put on said premises by said lessees during the said term, should, by said lessees, be left upon said premises,

and should be and become the property of the plaintiff so soon as they should be annexed to said premises, and without any charge or expense to said plaintiff;" that the lessees put into said mill "certain machinery known as and called a *middling separator*, and machinery and fixtures connected therewith and appurtenant thereto, and that the same has become and is annexed to said premises, and constitutes part of the machinery of said mill, and is now, by virtue of said agreement, the property of this plaintiff;" that the defendants threaten and are about to remove such machinery from the mill, and a portion of them "are now at work, by the instruction and procurement of said other defendants, in removing said improvement and machinery from said premises, and that it is the intention of said defendants not to leave such improvements on the said premises as required by said agreement, but to carry off the same and wholly to deprive the said plaintiff thereof, to his irreparable damage and injury;" and that the plaintiff is informed and believes that the defendants are pecuniarily irresponsible, and an action for damages would not afford him adequate relief. The complaint prayed for an injunction.

On the 17th day of February, 1873, the county judge granted an injunction against the defendants, restraining them and each of them, their agents and attorneys and each of them, from removing, separating or interfering with such machinery and fixtures, until the further order of the court. The injunction order was duly served on the defendant *George W. Shepard* during the afternoon of said February 17, and on the defendants *Ashkell K. Shepard* and *Harvey Russel* about noon of the following day.

On the 5th day of March, 1873, upon certain affidavits which tend to show that the injunction order had been violated by the appellants, the county judge made an order upon them to show cause before the county court (that being the court in which the action was pending) why they should not be punished for the alleged misconduct. Upon the return of this

order to show cause, the defendants read affidavits for the purpose of showing that they had not violated the injunction order, and moved that the order to show cause be discharged. The court denied the motion, and, on motion of counsel for the plaintiff, made an order for the examination of the appellants before a referee on written interrogatories to be exhibited on behalf of the plaintiff, and for the taking of such further proofs before the referee as either party might deem proper to produce.

Pursuant to the last mentioned order, written interrogatories were exhibited on behalf of the plaintiff, and were duly answered by the appellants, on oath, before the referee, and one witness was produced by the plaintiff and examined on oath before the referee, which answers and testimony were duly returned to the court.

The court thereupon made the order from which this appeal is taken, and which, after reciting the preliminary proceedings above mentioned, is as follows : " The matter having been heard by the court on the 17th day of April, 1873, upon the record, affidavits and proofs, and having been argued by N. S. Murphey, Esq., on behalf of said defendants, and by F. C. Winkler, Esq., on behalf of the plaintiff, it does now appear to the court, and the court does adjudge, that said defendants, *George W. Shepard, Ashkell K. Shepard,* and *Harvey Russel,* are, and each of them is, guilty of the contempt and misconduct alleged against them, in that they have violated the aforesaid injunction order, and that such misconduct was calculated to and did actually defeat, impair, impede and prejudice the rights and remedy of the plaintiff in this action, and an actual loss and injury has been produced to the plaintiff thereby, and that said defendants must be held to pay to said plaintiffs a sufficient sum to indemnify him, and to satisfy his costs and expenses, and it is therefore ordered that the defendants *George W. Shepard* and *Ashkell K. Shepard,* within thirty days from the date of this order, pay to said plaintiff or his attorneys the sum of four hundred and fifty dollars, to indemnify him for

his said loss, and that if the same be not paid within said time, said *George W. Shepard* and *Ashkell K. Shepard* be imprisoned in the common jail of Milwaukee county until the same be paid ; and it is further ordered that said defendants, *Harvey Russel, George W. Shepard* and *Ashkell K. Shepard*, within said thirty days, also pay to said plaintiff or his attorneys the sum of seventy-five dollars counsel fee, and the costs of this proceeding, now taxed at forty dollars and fifty cents, amounting together to one hundred and fifteen dollars and fifty cents ; that said *Harvey Russell* pay thirty-eight and fifty one-hundredths dollars thereof, and said *George W. Shepard* pay thirty-eight and fifty one-hundredths dollars thereof, and said *Ashkell K. Shepard* pay thirty-eight and fifty one-hundredths dollars thereof, and that in case of the nonpayment of such sums by any of said defendants within said thirty days, said defendants respectively be imprisoned in the county jail of said county until the same be paid."

*Carpenter & Murphey*, for appellants, argued that leave to file written interrogatories, in cases of this kind, is limited to the case "where any defendant *is arrested* upon attachment " (2 Tay. Stats., 1741, § 19), and that proceeding by an order to show cause was an election by plaintiff to take such proof as would show cause for its discharge, and be content therewith ; but if otherwise, still the answers of defendants showed fully that they had not been guilty of any contempt. 2. That the complaint does not make a case giving the court jurisdiction to issue the injunction, because, (1) The separator is not an "improvement upon said premises," within the meaning of the lease referred to; and (2) If it is such an improvement, the plaintiff's remedy is ample and complete at law in an action for damages for breach of the contract of leasing. *Van Cott v. Milwaukee*, 18 Wis., 247, and authorities there cited. 3. That the court could not fine or order paid to plaintiff over $250, unless he had sustained damage in excess of that sum, and the proofs showed that he sustained no damage whatever. Even

if the defendants were really insolvent, plaintiff could replevy the property, if entitled to it, and his damage would at most only be the cost of putting up that part of the machine which was not taken down when the injunction was served. 4. That the order must be reversed because it did not specify the respect in which the injunction had been violated, or by which one of the defendants, or how plaintiff had sustained damages to the amount of $465. 5. That the statute authorizes an order of imprisonment for some definite reasonable time, not exceeding six months, as the whole or a part of the punishment for a contempt, and also authorizes imprisonment until the *expenses* of the proceedings are paid, and also in case a *fine* be imposed, until such fine is paid; but where damages are ordered to be paid to the complaining party for the actual loss suffered by him, the statute does not authorize an order of imprisonment until such damages are paid. 2 Tay. Stats., 1742, §§ 20–25. The party should make his demand for the money, and if refused, proceed under sec. 4 of the same chapter. 2 Tay. Stats., 1739, § 4. The objection is a vital one. If defendants are imprisoned under the order as made, it must be close confinement; if under sec. 4, they are entitled to jail liberties. Laws of 1864, ch. 483 ; *In re Gill*, 20 Wis., 686.

*Butler & Winkler*, for respondent :

It has been the practice in New York (from whose statute ours is a rescript), when the contempt is denied upon an order to show cause, to proceed in the same manner as upon an attachment. Crary's Special Proceedings, 396, 397, 407 ; *Mc-Credie v. Senior*, 4 Paige, 378 ; *Albany City Bank v. Schermerhorn*, 9 id., 372–5. The filing of interrogatories was not, indeed, necessary; but it was for the benefit of defendants. We might have examined them orally on the order of reference, as well as other witnesses. *Watson v. Fitzsimmons*, 5 Duer, 629 ; Laws of 1864, ch. 28 ; Tay. Stats., 1499, sec. 1, subd. 3. Counsel further argued, upon the proofs, that defendants were properly held guilty of contempt.

Poertner vs. Russel and others.

LYON, J. I. It is claimed by the learned counsel for the appellants,. that the complaint does not state a case proper for equitable relief, and hence that the county court has no jurisdiction to grant the injunction which, it is alleged, the appellants have violated.

The jurisdiction of a court of equity to entertain an action brought by the owner of the reversion, against the tenant, whether for life or for years, to stay waste threatened or being committed, and to interpose its injunction to prevent such threatened waste, cannot be doubted. This jurisdiction has been so universally asserted and exercised by courts of equity, that all of the legal remedies for waste have nearly fallen into disuse. The common law action for waste is of rare occurrence in modern times, and the various remedies given by the statute of Gloucester (13 Edw. I., ch. 22) and other English statutes, have given way to the action on the case for waste; and the latter, in its turn, has been very nearly superseded by the action in equity to stay waste. This equitable jurisdiction is sustained on the ground that the remedy at law is at best an inadequate one. Of course there can be no remedy at law until the waste is actually committed, and it is well settled that the reversioner need not wait until waste has actually been committed before bringing his action. "If he ascertains that the tenant is about to commit any act which will operate as a permanent injury to the estate, or if he threatens or shows any intention to commit waste, the court will at once interfere and restrain him by injunction from doing so." Bouvier's Law Dictionary, title "Waste," subdivision 9, and cases cited.

To illustrate the inadequacy of the remedy at law for waste, it may be observed that at common law the action could only be maintained against tenant in dower, tenant by the courtesy, and guardian in chivalry, and the remedy was extended by statute against tenants for life and for years, and some others. *Jefferson v. The Bishop of Durham*, 1 Bos. & P., 105; Eden on Injunctions, ch. VIII, p. 104, 1st Am. ed. An action on the

case will not lie at law for *permissive* waste (that is, the neglect or omission to do what will prevent injury); but in equity an injunction will be granted to restrain *permissive* as well as *voluntary* waste.    2 Story's Eq. Jur., § 917, and cases cited.    In the same section Judge STORY sums up the whole question of equitable jurisdiction in such cases in the following language : "From this very brief view of some of the more important cases of equitable interference in cases of waste, the inadequacy of the remedy at common law, as well to prevent waste as to give redress for waste already committed, is unquestionable, and there is no wonder that the resort to the courts of law has, in a great measure, fallen into disuse.    The action of waste is of rare occurrence in modern times ; an action on the case for waste being generally substituted in its place, whenever any remedy is sought at law.    The remedy by a bill in equity is so much more easy, expeditious and complete, that it is almost invariably resorted to.    By such a bill not only may future waste be prevented, but, as we have already seen, an account may be decreed and compensation given for past waste."    And again in § 919, the learned author says : " The jurisdiction, then, of courts of equity, to interpose by way of injunction in cases of waste, may be referred to the broadest principles of social justice.    It is exerted where the remedy at law is imperfect, or is wholly denied ; where the nature of the injury is such that a preventive remedy is indispensable, and it should be permanent ; where matters of discovery and account are incidental to the proper relief; and where equitable rights and equitable injuries call for redress, to prevent a malicious, wanton and capricious abuse of their legal rights and authorities by persons having but temporary and limited interests in the subject matter.

In this case, the complaint shows that certain machinery, the property of the plaintiff and part and parcel of the realty, was about to be taken down and removed by the defendants, to the great and irreparable mischief and injury of the plaintiff and

his property.   Within the principles above stated, this is enough to give the court jurisdiction to award the injunction, without the further averment of the insolvency of the defendants.

The case of *Van Cott v. Milwaukee*, 18 Wis., 247, cited as asserting a doctrine in opposition to that here laid down, fails to do so.   That case simply decides that a court of equity has no jurisdiction to restrain the collection of taxes illegally or improperly assessed upon personal property.   It is obvious that the case has no application to the subject under consideration.

II.  It is further claimed that the court erred in directing the appellants to be examined before a referee on written interrogatories, for the alleged reason that the statute only authorizes such a proceeding when the defendant has been arrested on an attachment, and not when, as in this case, the proceedings are commenced by an order to show cause, and no attachment has been issued.   Tay. Stats., 1741, § 19 (R. S., ch. 149, sec. 19).

Ch. 149 of the Revised Statutes (Tay. Stats., 1737), entitled, " Of proceedings as for contempts, to enforce civil remedies, and to protect the rights of parties in civil actions," was first enacted in this state in the Revised Statutes of 1849, ch. 115, and is a substantial, if not a literal, transcript of the statute of New York on the same subject.   Before it was adopted here, this statute received judicial construction in that state in the cases of *McCredie v. Senior*, 4 Paige, 378, decided in 1834, and *The Albany City Bank v. Schermerhorn*, 9 Paige, 372, decided in 1842 ; and in both of these cases the practice here pursued was held to be authorized by the statute.   When we borrowed the law, we took with it the construction previously given to it by the courts of the state from which we borrowed it.   It must therefore be held that the order requiring the appellants to be examined upon written interrogatories before a referee was regular.

III.  Having thus seen that the complaint states a cause of action, and that the proofs were regularly taken, we are brought

to consider whether such proofs show that the appellants are guilty of a violation of the injunction order.

1. It appears that one wagon-load of the machine had been removed from the mill when the order was served on *George W. Shepard*, on the 17th day of February. The removal was then suspended until the next morning, when, by the direction of *Ashkell K. Shepard*, work was resumed, and the balance of the machine taken from the mill. Such direction was given by him at or near the mill, in the presence of *George W. Shepard*, who made no objection thereto. The latter denies that he heard his brother give the order of removal, or that he knew the machine was being removed, but the proofs show that had he given the slightest attention to what was occurring in his immediate presence he could not have failed to know that his agents and servants were about to remove the balance of the machine. It was his duty to restrain his employees from doing the prohibited act, as well as to refrain therefrom himself. A mere passive, personal obedience to an injunction order is not always sufficient. It was not sufficient in this case. The proofs are satisfactory that the appellant, *George W. Shepard*, did not obey the injunction order in good faith, but that, by his inexcusable inattention and negligence the same was violated by his agents and employees.

2. It is proved by a clear preponderance of testimony, that when *Ashkell K. Shepard* directed the balance of the machine to be removed from the mill, he knew that the injunction order had been issued and that the same had been served on *George W. Shepard*. From the time that he knew of the existence of such order, *Ashkell K. Shepard* was bound by it. *Ramstock v. Roth*, 18 Wis., 522 ; *Meade v. Norris*, 21 id., 310. The correctness of this rule is freely conceded by the counsel for the appellants.

3. It is charged by the plaintiff (upon information and belief), that the appellant *Harvey Russell* knew, on the 17th of February, that an injunction had issued, and that the same had been

Poertner vs. Russel and others.

served on *George W. Shepard*; and it appears positively that he knew those facts as early as 11 o'clock A. M. of the next day, and while the machine was being removed by his agents and servants.   He has not denied these facts.   He has simply denied that he "was privy to or had knowledge of, or gave consent in any manner to, the removal of the said machine." Hence he is chargeable with notice of the injunction on the 17th of February.   It does not appear that he made any effort to prevent his employees from further interfering with the machine. He, too, rendered only a passive, personal obedience to the mandate of the court, leaving his employees, and also his partners (who were his agents), to do the forbidden act without objection or remonstrance from him. Under such circumstances we cannot hold him entirely guiltless of the alleged contempt. The county court has, however, treated him very leniently, only adjudging that he pay one-third of the costs of the proceedings, or less than forty dollars.

Our conclusion is, that the county court correctly adjudged that each of the appellants was guilty of a violation of the injunction order.

IV. It is urged that the penalty imposed upon the *Shepards* is too great, for the alleged reason that the machine was not the property of the plaintiff when it was removed from the mill. It is claimed that the machine was not an improvement annexed to the premises, as alleged in the complaint, and hence that the title thereto did not pass to the plaintiff by virtue of the terms of the lease.   If this position is correct, then it is obvious that the order appealed from, which adjudges that the *Shepards* shall pay the whole value of the machine, must be reversed, for the reason that, in such case, the plaintiff is, by the order, much more than indemnified for his loss and injury.

The proof upon which the above claim is based is contained in the affidavits of the *Shepards* (which are alike in this respect), and is as follows : "That said separator is a machine about 12 feet long, 4 feet wide, 6 or 8 feet high, which sits on the

floor and can be easily removed. That it is a new patented device, and when defendants took said mill was not in use, and was in fact not patented until May 14, 1872." It is very clear that there is here no denial of the allegations of the complaint in this behalf. The machine may be of the specified dimensions, may sit on the floor and be easily removed, and may have been invented after the defendants leased the mill, and yet it may be true that the same is an improvement annexed to the premises, and the property of the plaintiff.

We find no error in the amount of penalty imposed by way of indemnity for the violation of the injunction order.

V. The remaining points to be considered relate to the form of the order appealed from. It is said that such order is fatally defective in that, 1. It does not specify the particulars wherein the injunction has been violated, or the manner in which the plaintiff has been injured; and, 2. It directs that in case of the nonpayment of the sums which they are ordered to pay, the appellants, respectively, shall be imprisoned in the proper county jail until the same shall be paid.

The statute, R. S., ch. 149, secs. 23 and 24, is relied upon to support the first proposition. That statute is applicable only to cases where " the misconduct complained of consists in the omission to perform some act or duty which is yet in the power of the defendant to perform," and is not applicable to a case like the present one. Here the record shows fully the particulars in which the injunction has been violated, and no good reason is perceived why that is not sufficient.

As to the other proposition, the order is in the form indicated in the same chapter of the R. S., sec. 25. That section is to the effect that when a fine is imposed, imprisonment until such fine is paid, shall be ordered. Although in this case a fine *eo nomine* has not been imposed, the sum which the appellants *Shepard* are ordered to pay is in the nature of a fine, the amount of which is fixed and controlled by the extent of the plaintiff's loss sustained by reason of the violation of the injunc-

tion. It is believed that the statute does not contemplate any distinction between the two cases in the form of the order.

*By the Court.* — The order of the county court is affirmed.