ARNOLD ROSSNER, RESPONDENT, *v.* THE NEW YORK MUSEUM ASSOCIATION, APPELLANT.

*Order for the inspection of books, as also an order to show cause why an answer should not be stricken out because of a failure to comply with such order for inspection, may be served on the attorney — Code of Civil Procedure, § 799.*

In this action, brought against a domestic corporation, which had appeared by an attorney and served an answer, an order requiring it to allow the plaintiff to inspect its books, or show cause at a time and place therein specified, was made and also served upon its attorney.

The order having been made absolute on the return day against the opposition of the defendant, a copy thereof was served on its attorney. Upon proof of such service, and of the defendant's refusal to obey the order, an order to show cause why the defendant's answer should not be stricken out was made and also served upon the said attorney.

Upon an appeal from an order striking out the answer, *held,* that under section 799 of the Code of Civil Procedure, the orders to show cause were properly served upon the defendant's attorney, and that it was not necessary to serve them upon any of its officers.

APPEAL from a judgment in favor of the plaintiff, entered upon an order striking out the defendant's answer, and from such order and every part thereof.

*Franklin Bien,* for the appellant.

*Barrett* and *Patterson,* for the respondent.

BARNARD, P. J.:

By Code of Civil Procedure, section 799, it is provided that where a party has appeared all notices or other papers must be

served upon his attorney. By section 802 the above mentioned section 799 is made inapplicable to the service of papers to bring a party into contempt. The plaintiff brings this action to recover for services alleged to have been rendered to the defendant. The answer is a general denial. The defendant is a New York corporation. The plaintiff presented his petition under sections 803, 804 and 805, Code, for an inspection of defendant's books of account, alleging, among other things, that the services were rendered under the employment of a person purporting to act as the agent of defendant, and that the books will show that such person was actually the agent of defendant. Upon this petition the court at Special Term made an order that defendant allow plaintiff or his attorneys to inspect their books, or show cause at a time and place specified in the order. This time and place need not be eight days. (Code of Civil Procedure, 805.)

The order was served upon the attorney for defendant, and not upon any other person representing the defendant. At the time and place specified; the defendant appeared and opposed the order for discovery upon an affidavit that the books were not under the control or custody of the attorney.

The court then made an absolute order for the production of the books. This order was served upon the defendant's attorney only, and was not obeyed. The plaintiff then upon proof of such service and of such disobedience obtained an order to show cause why the answer of defendant should not be stricken out for failure to obey the order under section 808, Code of Civil Procedure.

The only objection made by defendant, which is to be considered, is the objection that the papers were not served on the defendant instead of the attorney. The other objections are to the impropriety of the first order. That order must stand until set aside. The defendant might move to vacate it; but while it stands it must be obeyed.

It is quite unsettled what are the " ordinary proceedings in the action." It is well settled that in such proceedings all notices must be served upon the attorney.

It was decided in *Becker* v. *Hotchkiss* (8 How. Pr., 68), that application for an order of arrest was an ordinary proceeding

and that service of an injunction was not.  It was the old rule, that when the party proceeded by order to show cause service need not be made upon the party.  (*Stafford* v. *Brown*, 4 Paige, 360; *Brown* v. *Andrews*, 1 Barb., 227; *Albany City Bank* v. *Schermerhorn*, 9 Paige, 372.)

In *Pitt* v. *Davison* (37 N. Y., 235), the Court of Appeals held that an order to enforce civil remedies was properly served upon the attorney.  The application in this case seems to fall directly within the principle.

The court may direct a discovery and an inspection of books. If it is disobeyed, it may strike out the answer of defendant.

It is one of the ordinary proceedings in an action, and the order striking out the answer is simply an enforcement of a civil remedy. I think, therefore, that it was not necessary to serve the order upon defendant's officers, and that the judgment and order should be affirmed, with costs.

Present — BARNARD, P. J., and BRADY, J.

Order striking out defendant's answer and the other order appealed from and judgment, affirmed with costs.