## THE ROCHESTER, HORNELLSVILLE AND LACKA-WANNA RAILROAD COMPANY, RESPONDENT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT, IMPLEADED WITH OTHERS.

*Service of an injunction — who is deemed a managing agent of a corporation within section 431 of the Code of Civil Procedure — the committing or continuance of acts, forbidden by an injunction, after the general officers of the company have notice of the order, is a contempt.*

Upon an appeal from an order adjudging the defendant corporation in contempt for the violation of an injunction *pendente lite* granted in this action, the proof showed that the work which constituted the alleged violation of the injunction was commenced on Saturday, August twenty-first, and continued on the following Monday. Among the various officers served, while these acts in question were in progress, was the division superintendent of that division of the defendant's road which included the place of the alleged violation. All the servants and agents of the company located within this division were subject to his orders, and all the servants of the company engaged in the promotion of the work in question were acting under his orders, the work being done under his personal supervision and direction.

*Held,* that he was a "managing agent" of the defendant within the meaning of section 431 of the Code of Civil Procedure, which prescribes the mode of service on corporations.

That, even if the service was defective in this respect, the order should still be affirmed, as it was admitted that the general officers of the defendant's company were fully advised, before noon of the twenty-first of August, of the issuance of the injunction and of what was commanded and forbidden thereby.

APPEAL from an order of the Special Term, entered in Steuben county adjudging the defendant in contempt and from an order amending the same.

*James H. Stevens, Jr.,* for the appellant.

*F. S. Smith,* for the respondent.

DWIGHT, J. ·

The contempt adjudged was in the violation of an injunction *pendente lite*. That the order of injunction was duly granted by the county judge of Steuben county; that it was served with the summons and complaint in this action upon several officers of the defendant, and that acts were done by the defendant's servants and agents which are forbidden by the order, is not in dispute. The only question made by the defendant relates to the time of the service of the order; had a sufficient service been made, to charge the defendant, before the commission of the acts complained of? Upon that question the proofs, contained in the affidavits used on the motion, show that the work which constituted the alleged violation of the injunction, was commenced on Saturday the twenty-first of August and continued on the following Monday; and that the service of the injunction order was made, at various times of those days, on the station master at Hornellsville; on the conductor of a gravel train which was engaged in the work; on the "section boss" of the section, the "road master" of the division, and the division superintendent of the division within the limits of which the work was done; and, finally, on the first vice-president of the defendant, in the city of New York. It is also alleged in the moving affidavits and not denied by the opposing affidavits, " that the general officers of the defendant's company in New York were fully advised, before noon of the twenty-first of August, that the injunction had been issued; of the nature of the prohibition contained therein, and of the fact that the same had been served on some of the officers or agents of the company."

It is not denied that the acts complained of, or some of them, were done after the service of the papers, including the injunction order, on all the persons who were served, as above stated, with the exception of the vice-president of the company, and after noon of the twenty-first of August. Upon this state of the proofs, disregarding facts which are more or less in controversy, it would seem that we may limit our inquiry to the two questions: First. Whether either of the persons served before the commission of any of the prohibited acts, was a "managing agent" of the defendant within the meaning of the statute which prescribes the mode of service on corporations. (Code of Civil Pro., § 431.) Second. Whether in

the absence of strict service of the injunction order, the defendant was, nevertheless, amenable to its commands and may be punished for its violation, because of the fact that the chief officers of the company had knowledge of the issuance of the order and of what was commanded and forbidden thereby.

Both of these questions, we think, must be so answered as to uphold the action of the Special Term in making the order appealed from. Among the officers of the defendant, served while the acts in question were in progress, was the division superintendent, of that division of the defendant's road, which included the *locus* of the alleged violation of the order of the court. All the servants and agents of the company located within that division were subject to his orders. All the servants of the company engaged in the promotion of the work in question, were acting under his orders. The work was done under his personal supervision and direction. He was *the* managing agent of the defendant in respect to all matters local to the important division of which he was superintendent, and in respect to the acts sought to be enjoined. He was the officer who received from the chief authorities of the road, all general orders pertaining to the management and operation of his division, and he must have been the officer chiefly relied upon to transmit to those authorities all information respecting its condition and requirements. He was the officer whose position, rank and duties made it, in the language of the opinion in *Palmer* v. *The Pennsylvania Company*, (35 Hun, 369 ; 99 N. Y., 679), "reasonably certain that the defendant will be apprised of the service made." As was said in that case, the rule of the statute does not require that the agent should have charge of the whole business of the corporation, for such agencies seldom or never exist. So in the case of a railroad company, the management of an agent need not extend throughout the whole line of the road, for in that case there would be but one managing agent. We think that, in this case, the division superintendent, within whose division and under whose direction the work was being done which was sought to be enjoined, was the appropriate managing agent upon whom to make service of the injunction order.

But we think the answer to the second question propounded above, must be equally decisive in favor of sustaining the order appealed from. It is established, for the purpose of this review, that the

general officers of the company were fully advised of the issuance of this injunction, and of its purpose and effect before noon on Saturday, and that the acts forbidden continued through the afternoon of Saturday, and at least a portion of the forenoon of Monday. The authorities are numerous and decisive to the effect, that the commission or continuance of the forbidden acts, after such notice of the granting of the injunction, was a contempt of court equally as if there had been strict service of the injunction order. (*People v. Brower*, 4 Paige, 405; *Livingston v. Swift*, 23 How. Pr., 1; *Abell v. N. Y., L. E. and W. R. R. Co.*, 18 Week. Dig., 554; affirmed, 100 N. Y., 634.) We think the proofs support the adjudication of contempt against the defendant, and justify the order made in the premises. The second order was favorable to the defendant, in substituting merely motion costs for the costs and expenses of the proceeding. The appeal from the order of amendment seems to have been taken for greater caution to bring up the whole order as amended.

Both orders should be affirmed, with costs of one appeal.

All concurred.

Orders affirmed, with ten dollars costs and disbursements.