Ehlert vs. Kindt and another.

EHLERT, Appellant, vs. KINDT and another, Interveners, Respondents.

*May 20 — June 2, 1899.*

*Injunction against performance of contract: Rights of subcontractors.*

If a contractor be enjoined from performing his contract pending litigation against him to have it adjudged void, and his subcontractor, who has no rights independent of those of his principal, intervenes and moves the court for permission to proceed with his contract, the question for decision is, Should the injunction against the principal stand? and if that be decided in the affirmative the motion should be denied.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Reversed.*

Action by a taxpayer of the defendant city against such city and its codefendant corporation, to obtain a judgment annulling a contract made between them, dated September 12, 1898, for the erection of a garbage disposal plant on real estate belonging to the city, by the corporation, for the consideration of $52,000, and to restrain the erection of such plant under such contract and the payment by the city of any money thereon, because when the contract was entered into the city was indebted in excess of its constitutional authority to incur indebtedness, and other reasons. A temporary injunction was granted enjoining the contractor and all persons claiming under it, and the city, from doing any of the things complained of pending the litigation, a satisfactory bond being given to protect such contractor from loss in case it should finally appear that plaintiff was not entitled to the relief demanded in the complaint. *Charles F. Kindt* and *Christ Schoknecht,* employees of the contractor, they having agreed to construct the garbage disposal plant for such contractor, petitioned the court in the action to vacate the injunction as to them, so that, while the principal

Ehlert vs. Kindt and another.

contractor remained enjoined, they, as employees or subcontractors, could proceed with the erection of the plant.   On the hearing of the motion, plaintiff, by his attorneys, offered to give any further bond that the court might deem necessary and proper to fully protect the principal contractor against damage in case it should be finally decided that plaintiff was not entitled to the relief prayed for.   The result of the intervention proceedings was that the court vacated the injunction as to the petitioners, and plaintiff appealed from the order accordingly entered.

For the appellant there was a brief by *Miller, Noyes,. Miller & Wahl,* and oral argument by *Geo. P. Miller.*

For the respondent *Kindt* there was a brief by *McElroy & Eschweiler;* for the respondent *Schoknecht* there was a. brief by *Nath. Pereles & Sons,* attorneys, and *G. D. Goff,* of counsel; and the cause was argued orally by *G. D. Goff.*

MARSHALL, J.   Is it consistent with a proper exercise of judicial discretion in the administration of justice, to enjoin a defendant in an action from doing the things complained of in the complaint or other things to that end pending the litigation, in order that the final decree may be effective to accomplish the purpose of such litigation, and at the same time permit the very mischief aimed at, or some part of it, to be accomplished by an employee of such defendant?   That. is the principal question presented for adjudication, the only one, in fact, of sufficient importance to require notice in this. opinion.

The idea that a party to an action may be enjoined, and such party's agent or employee be permitted to do the very things, or some essential part of them, against which the injunction is aimed, is quite novel.   It is unprecedented so far as any reliable authority goes that we are aware of. True, when an injunctional order prevents the doing of some act in regard to which a person not a party is interested,.

and whose right is in no way dependent upon the right of the person enjoined, such party may, by petition, intervene and have the restraining order to that extent modified. Authorities to that effect are cited to our attention by respondents' counsel, particularly High, Injunction, § 1617, and the case upon which the text there is based (*Speak v. Ransom*, 2 Tenn. Ch. 210), but that rule does not reach this case. It applies where a stranger has rights that cannot be interfered with in the action — rights that exist entirely independent of any controversy involved in the litigation. If the principal contractor, under the circumstances shown here, had no right to go on with the city contract, plainly the respondents, as subcontractors under such principal contractor, possessed no such right. It is the law that a person enjoined must, at his peril, not only refrain from doing the things covered by the injunctive order himself, but also prevent any one acting under him, such as his agent or employee, from doing the same thing. *Poertner v. Russel*, 33 Wis. 193; High, Injunction, § 1438. It is no answer to such rule, when applied here, to say that no substantial damage could accrue to the defendant city by the erection of a structure on its property that it was not obliged to pay for, even if that were true. If there is any force in such suggestion, it bears on the question of whether the scope of the order against the principal contractor was too broad. That question is foreclosed for the purposes of this case. It stands judicially determined by the trial court that a situation was presented calling for restraint upon the conduct of the principal contractor till the final adjudication of its rights. As an incident to such determination a proper administration required like restraint upon those who had no rights except by relation to and dependent upon the rightfulness of the acts enjoined.

The foregoing is considered to be so plainly in accord with familiar principles and settled practice that no further

discussion of the subject will be indulged in. Questions discussed in the briefs of counsel in regard·to the sufficiency of the complaint are not deemed to be involved in this appeal, hence are not decided.

*By the Court.*— The order appealed from is reversed.