JAMES T. THWEATT *et al.,* relators, *vs.* W. D. KIDDOO, judge, respondent.

1. After a remedial proceeding for contempt has been reviewed and affirmed by the supreme court, as to the imprisonment ordered, and as to the terms prescribed in the order for avoiding imprisonment, the terms will not, before the imprisonment has commenced, be changed because the party is unable to comply, unless he has become unable since the order was passed. Defenses or excuses which were, or might have been, presented before, are *res adjudicata.*

2. Matters urged in denial or excuse of a contempt, and, on writ of error, held insufficient, cannot be set up afterwards as purging the contempt, before any of the imprisonment has been suffered. The judge should not only refuse to treat the contempt as purged, but should, moreover, refuse to sign and certify the second bill of exceptions.

3. How remedial imprisonment may be terminated, after being endured for a reasonable time, is not now in question.

Thweatt *et al. vs.* Kiddoo, judge.

*Mandamus.* Contempt. Judgments. Practice in the Supreme Court. Before the Supreme Court. January Term, 1877.

After the judgment of the supreme court was made the judgment of the superior court of Muscogee county in the case of *Thweatt et al., vs. Gammell et al.,* 56 *Ga. Rep.,* 98, the Thweatts presented the following motion:

And now comes Robert R. Thweatt, in obedience to the judgment of the court, and offers to surrender to the sheriff of Muscogee county—

| | |
|---|---:|
| Two drays, costing.............................. | $225 00 |
| One dray, costing................................ | 100 00 |
| Two sets harness, costing....................... | 70 00 |
| One set harness, costing........................ | 20 00 |
| Two mules, costing.............................. | 380 00 |
| | $795 00 |
| One mule is dead, which cost.................... | 180 00 |
| | $975 00 |

He shows that the order of the court required him to deliver to the sheriff seven mules by him sold, or to pay $965.00, or be attached for contempt. That being misled by an order of the court into the belief that he could proceed to exempt the seven mules as homestead, he took this course, and in order that the exemption might be made productive, he sold a part of said mules and exchanged others, investing the proceeds as above set forth, so that it is impossible for him to return the specified mules, but he offers to return the property for which it was exchanged. That as to the mule which is dead, and which cost $180.00, if the court so directs, he is ready to pay over $180.00. That had he not been advised by counsel that he had the right to dispose of the property set aside to him as exempt, he would have kept the mules subject to the order of the court. That he has not the means to substitute money to the amount of $965.00 in place of the mules thus disposed of. He, there-

fore, prays that the surrender of the property herein set forth may be taken as a sufficient compliance with the order of the court, and that he may be relieved from the contempt charged against him.

Accompanying this motion was the affidavit of James T. Thweatt, to the effect that he has had no control of the seven mules ordered to be delivered up ; that he has never sold or disposed of them in any way ; that they were the individual property of his brother, Robert R. Thweatt, who had them exempted prior to the rendition of said order, and converted a part of them into other chattels, which he has offered to surrender, together with the balance in money unappropriated, the proceeds of said mules ; that, from his poverty, deponent is unable to obey said order by the payment of money. That, inasmuch as deponent has never, in any way, violated said order, and as Robert R. Thweatt is ready and offering to surrender the property and fund into which said mules were converted, he believing at the time that the taking of said mules was by permission of the court, deponent asks that he may be discharged from the contempt.

The court overruled the motion, and ordered that the Thweatts be committed to jail for contempt.

To this judgment the Thweatts excepted.   The presiding judge refused to certify the bill of exceptions as follows : "I decline to certify this bill of exceptions because I believe all the material questions have been adjudicated before, and the orders granted were only carrying out the decision of the supreme court already made."

The Thweatts then petitioned the supreme court for the writ of *mandamus* compelling Judge Kiddoo to certify the bill of exceptions.   A *mandamus nisi* was issued, but, on the answer of the respondent being filed, a *mandamus* absolute was refused.

R. J. Moses, for relators.

W. D. Kiddoo, judge, in *propria persona*, for respondent.

BLECKLEY, Judge.

1. When, on a full hearing in a remedial proceeding for contempt, imprisonment has been ordered unless certain terms are complied with, and, on writ of error, the order has been affirmed, the parties in contempt cannot, before the imprisonment has commenced, have the terms changed by urging their inability to comply, and by offering compliance with wholly different terms, unless the facts causing such inability arose after the order was passed. As to all matters of excuse which were, or might then have been, adjudicated, the order is final and conclusive.

2. After certain matters have been before the supreme court by writ of error, on the question of contempt or no contempt, and have been held insufficient as a defence to the proceeding, if the same matters, in substance, are again presented to the court below, in the same case, on a motion to purge the contempt, the motion being made before imprisonment has commenced, the judge of that court should not only disregard them, but should refuse to sign and certify a bill of exceptions which seeks to bring them up again for review.

3. What would be cause for terminating, after a reasonable time, imprisonment employed as a remedy without producing remedial results, is not now in question.

The question of contempt was settled at a previous term, on substantially the same facts as are contained in this record—56 *Ga.*, 98. Nothing new has happened to purge the contempt. The alleged inability, from poverty or otherwise, to comply with the order of the court is not proved to have originated since that order was passed. The imprisonment has not even commenced. After imprisonment has been tried for a reasonable time and proved unfruitful as a remedy, the question can be made how and when it ought to terminate. Doubtless, there is some way to reach a case of *bona fide* poverty, and prevent imprisonment from becoming perpetual, or even from being unduly protracted. But the

poor cannot be indulged in willful disobedience to the lawful commands of a court, any more than the rich. The action of the court now complained of, was not the rendition of a new judgment, but the refusal to stop short in the execution of the judgment formerly rendered. The judge was right in refusing to sign and certify another bill of exceptions. 2 *Kelly*, 290.

*Mandamus* denied.