### ALBERT WHITE *vs.* EDWIN C. MORSE.

Middlesex.    Jan. 19. — March 2, 1885.    FIELD, DEVENS, & COLBURN, JJ., absent.

A trial justice is not liable to a civil action for having rendered a judgment for costs in violation of the provisions of the Pub. Sts. c. 183, § 88; nor for having issued execution on the judgment when it was not appealed from nor reversed.

TORT for acts done by the defendant as a trial justice. Trial in the Superior Court, without a jury, before *Rockwell*, J., who rendered a judgment for the defendant; and the plaintiff appealed to this court. The facts appear in the opinion.

*N. D. Pratt*, for the plaintiff.

*P. H. Cooney*, for the defendant.

MORTON, C. J.    The principle that judicial officers, whether of superior or inferior courts, are not liable to civil actions for errors of judgment upon matters within their jurisdiction, is too well established to require any citation of authorities.

In the case before us, it appears that one Shattuck, in November, 1883, sued out a trustee writ against the present plaintiff, returnable before the defendant, who is a trial justice.    The writ was duly served, and the defendant, as trial justice, had jurisdiction of the parties to the suit and of the subject matter. After due hearing, he rendered judgment for the plaintiff in that action for ten dollars, damages, and eleven dollars and ninety-eight cents, costs of suit, and the trustee was duly charged.    No appeal having been claimed, the trial justice issued an execution for the amount of the judgment.    The execution was paid by the trustee from funds in his hands belonging to the present plaintiff, who thereupon brought this action to recover of the trial justice the amount paid as costs upon said execution, upon the ground that, under the Pub. Sts. *c.* 183, § 88,* he had no right to render judgment or to issue execution for costs.

The action cannot be maintained.    The question whether, in the case pending before him, the plaintiff was entitled to costs, was a judicial question, which the trial justice was required to adjudicate.    His decision of this question was strictly within his jurisdiction.

It is true that, if a justice of the peace exceeds his jurisdiction, he is liable to a private action for any wrongful act done outside of his jurisdiction to the injury of another.    *Piper* v. *Pearson,* 2 Gray, 120.    *Clarke* v. *May,* 2 Gray, 410.    *Sullivan* v. *Jones,* 2 Gray, 570.    In this case, in rendering a judgment for costs, the defendant was not acting outside or in excess of his jurisdiction ; his error was an error of judgment in deciding a question of law which he was obliged to decide, and which was within the scope and limits of his jurisdiction.    For such error he

* This section is as follows: "In any action brought under the trustee process, in which the damages assessed do not exceed in amount the sum of ten dollars, exclusive of all costs which have accrued in any former action, the plaintiff shall recover no costs; but this section shall not apply to any action brought upon a cause of action which existed on the first day of July in the year eighteen hundred and eighty-one."

is not liable to the plaintiff, whose proper remedy was by an appeal.

The plaintiff contends that the defendant, if not liable for rendering an erroneous judgment, is liable for the issuing of the execution, which is merely a ministerial act. If a justice of the peace illegally issues an execution, it has been held that he is liable to an action by a party injured thereby. *Sullivan* v. *Jones, ubi supra.* But the case at bar is different. The judgment rendered by the defendant as a trial justice, not being appealed from or in any way reversed, was a valid and binding judgment between the parties. The judgment creditor had the right to demand, and it was the duty of the defendant to issue, a proper execution to enforce the judgment. In so doing he was not guilty of any wrongful or illegal ministerial act, which would render him liable to an action by the judgment debtor.

*Judgment for the defendant.*