Dora L. Chapel and Jared W. Richardson v. Duane P. Hull.

*Waste—Jurisdiction of the equity and law courts, concurrent, independently of How. Stat. § 7956—Equity court will not exercise such jurisdiction, where a plain, adequate and complete remedy exists at law—Lease—Implied covenant to use farm in a husbandlike manner—Waste, for outgoing tenant to plow up all the meadow land—Also, a violation of such implied covenant, and a fraud upon lessor's rights—Such a case a proper one for equitable interference, by injunction—Contempt proceedings—Practice therein—Amount of damages may be agreed to before commissioner.*

1. Independently of How. Stat. § 7956, it was a branch of equity jurisdiction to prevent the commission of waste, by injunction; the language of the statute cited was not intended to curtail such jurisdiction, but is in affirmance thereof, as concurrent with that of courts of law.

2. In case of such concurrent jurisdiction, courts of equity will not take cognizance of cases, if there is a plain, adequate and complete remedy at law.

3. An administrator leased a farm of 200 acres, of which about 140 acres was tillable land, for a term of years to expire on April first. At the date of leasing—in February—about thirty-five acres of wheat were growing on the farm, and reserved by the lessor, with right to harvest same. The lease provided that the lessee should have the privilege of removing the wheat crop, which might be upon the ground at its expiration, if he should have sown the same. In the summer of the year preceding the expiration of the lease, the lessee, having plowed thirty-five acres, gave out and stated that he should plow, and sow to wheat all the arable land upon the premises, except from twenty-five to forty acres, including the only meadow land on the farm, as also certain fields that had been seeded to clover that spring, claiming a right so to do under the clause in his lease, giving him the wheat crop, on the land, at its expiration.

*Held,* in a suit brought to restrain the lessee from such action, in which his insolvency was alleged, that there was an implied covenant on the part of the lessee to use the farm in a husbandlike manner, and not exhaust the soil by improper tillage, and that it would be waste for an outgoing tenant to plow up all the meadow land upon such a farm.

*Held,* further, that the proposed action by the lessee would be a fraud upon the rights of the lessor, as well as a violation of the

implied covenants of the lease; and that the case made by the bill conferred jurisdiction upon the court, and justified it in restraining such action by injunction.

4. A defendant, having been adjudged guilty of misconduct in violating an injunction, and to be in contempt therefor, a reference was ordered to a commissioner to ascertain the actual loss and injury to the complainant, by reason of such violation. On the hearing before the commissioner, in order to avoid an adjournment and additional expense, the amount of damages was stipulated by the parties, by their solicitors, and it was agreed that the commissioner should report such sum to the court, defendant reserving the right to deny complainants' right to recover. Such report was made, and the court decreed that the defendant should pay the sum agreed upon, with costs, within ten days after demand thereof and service of the decree, and in default to stand committed until he should make such payment, or until the further order of the court.

*Held,* on appeal from said decree, that the course pursued was authorized by the statute. That the amount decreed to be paid was not by way of fine, but to compensate complainant for the loss sustained by reason of the violation of the injunction, and that defendant could not be relieved from such payment because he acted under the advice of counsel.

Appeal from Jackson. (Gridley, J.) Argued February 10, 1886. Decided February 17, 1886.

Bill filed to restrain waste. Defendant adjudged guilty of contempt in violating injunction and appealed from such decree. Affirmed. The facts are stated in the opinion.

*Gibson & Parkinson,* for complainants :

In the absence of an express covenant, one is implied on the part of a tenant, to manage and cultivate the leased premises in a good and husbandlike manner, and according to the custom of the neighborhood : Wood's Landlord & Tenant §§ 318, 413 ; Wait's Actions & Defenses, vol. 4, p. 241; Ewell on Fixtures, pp. 124–6 ; *Brown v. Crump,* 1 Marsh, 567 (4 Eng. Com. Law); *Legh v. Hewitt,* 4 East. 154 ; *Lewis v. Jones,* 17 Penn. St. 262 ; *Tempest v. Rawling,* 13 East. 18. As to preventative jurisdiction of equity, by injunction, between landlord and tenant, see High on Inj. §§ 430, 660. Equity will restrain an apprehended injury, where it is clear the act intended to be committed would injure or destroy a clear legal right: *Herz v. Union Bank of London,* 2 Giff.

686 ; and will protect property from a threatened act, which if completed would give a right of action: *Emperor of Austria v. Day*, 7 Jur. N. S. 639 ; *Same*, 30 L. J. Chan. 690 ; *Same*, 3 DeG. F. & J. 217.

The pecuniary irresponsibility of a defendant is of itself ground for an injunction: *Sword v. Allen*, 25 Kan. 67 ; *Glidden v. Norvell*, 44 Mich. 202 ; the contempt proceedings were regular and according to the practice of the court: How. Stat. §§ 7261, 7276–7 ; Jennison's Ch. Prac., p. 545 ; and while such proceedings may be reviewed, on appeal, this Court will not do so except in a plain case of abuse of discretion: *Haines v. Haines*, 35 Mich. 139.

*Blair, Wilson & Blair*, for defendant:

" The circuit court for each county shall have equity jurisdiction of all matters concerning waste, in which there is not a plain, adequate and complete remedy at law ; and may grant injunctions to stay or prevent waste :" How. Stat. § 7956. The plowing, and sowing to wheat the land, as stated in the bill of complaint, would not be waste, but only such a damage, if any at all, as could be fully compensated for in dollars and cents, and for which complainants would have a full and adequate remedy at law. Equity will not interfere by injunction to restrain defendant from doing that of which they complain, when the complainant has an adequate remedy at law, and only to prevent irreparable mischief: *Magenbuch v. Howard*, 34 Mich. 1 ; *Mears v. Howarth*, 34 Mich. 19 ; 2 Story, Equity Juris. § 925, Id. 919 ; there must be such an injury set forth as from its nature is not susceptible of being adequately compensated by damages at law: 2 Story, Equity Juris. § 925 ; *Arnold v. Bright*, 41 Mich. 208.

A court of equity will not interfere to enforce a contract for the cultivation of lands in a particular way, nor will it undertake to determine what is a proper course of husbandry: Wood's Landlord & Tenant, p. 666 ; *Dunn v. Bryan*, 7 Irish Eq. 143 ; *Rayner v. Stone*, 2 Eden, 128 ; and an injunction for waste will not be allowed where it does not appear that the injury will be destructive to the estate of inheritance or productive of irreparable mischief. And when the injury complained of is susceptible of perfect pecuniary compensation, and one for which satisfaction in damages can be had at law, the injunction will be withheld: High on Inj. (2d ed.), § 651 ; *Parker v. Winnipiseogee*, 2 Black. 545 ; *Hamilton v. Ely*, 4 Gill, 34 ; *Amelung v. Seekamp*, 9 Gill & J. 468.

The final order of the circuit judge committing the defendant

to jail for contempt for not paying the damages and costs, is erroneous for the following reasons: 1. Because the case was not a proper one for damages. There has been no such loss or injury as is contemplated by the statute: How. Stat. § 7277. It is only to such losses, pecuniary in their nature, and the amount of which can be estimated with certainty, that this statute applies: *People v. Compton et al.*, 1 Duer N. Y. 532–3.  2. No proofs were submitted to or returned to the court by the commissioner, in pursuance of the order of reference.  The stipulation of the solicitors is not valid, and does not bind either of the parties.  One of the complainants is an infant, and therefore not bound, and the defendant Hull, was not present, and he cannot be put in contempt by the stipulation of his solicitor: 2 Barb. Ch. Pr. 277, 278, and note 15 and cases cited. 3. The complainants were not entitled to any injunction upon this bill, and in such a case there can be no damages.  The defendant might be liable to punishment though the injunction ought not to have been granted, but the complainants could not be entitled to damages for the violation of it: *Kaehler v. Dobberpuhl*, 56 Wis. 497; *People v. Simonson*, 10 Mich. 335. This process is an extreme remedy, and should not be taken when there is any other.  In this case the remedy for damages, if there were any, was in the final decree: *Harris v. Harris*, 35 Mich. 138; *McCoy v. Wait*, 51 Barb. 225.  4. The order was made for a mere violation of the injunction, by mistake and under advice of counsel, and under such circumstances the defendant ought to have been merely required to pay the costs: *Arnold v. Bright*, 41 Mich. 209.

CHAMPLIN, J.  Complainants are heirs-at-law of Edmond W. Richardson, deceased.  On the eighth day of February, 1882, W. W. Dean, as administrator of the estate of Edmond W. Richardson, deceased, by a written lease, let to the defendant a farm containing about 200 acres, of which about 140 acres was tillable land, and the balance was marsh and woodland.  The term was to expire on the first day of April, 1885, and the rental was $500 a year, and all road taxes.

At the time the lease was executed there were about thirty-five acres of wheat then growing on the farm, which under an arrangement with the lessor he was allowed to enter and harvest, and in which defendant had no interest.  The lease contained the following clause :

"Said second party shall have the privilege of removing the wheat crop which may be upon the ground at the expiration of this lease, if he shall have sown the same."

The payment of the rent was secured by a chattel mortgage clause upon the crops, but as all rent was fully paid, this clause is unimportant. Soon after the execution of the lease the estate was closed by the administrator, and the lease assigned to complainants, and defendant attorned, and thereafter paid rent to them.

In the summer of 1884, the defendant gave out and stated that he should plow and sow to wheat all the arable land upon the premises, except about twenty-five to forty acres, including in said plowing the only meadow land upon the premises, as well as some fields that had been in the spring of that year seeded to clover, claiming that he had a right to do so under his lease, giving him the right to the way-going crop after his lease had expired.

Complainants, through their attorneys, remonstrated with defendant, and endeavored to dissuade him. He had at that time plowed thirty-five acres, and complainants were willing that he might plow for said crop not exceeding thirty acres more, not including the meadow land; but he declined to abandon such intention, and continued his preparations to plow the one hundred acres, which he claimed he had a right to do. Thereupon complainants filed a bill of complaint against him, alleging that such threatened plowing and sowing to wheat would deprive complainants of their meadow land, and all pasturage, except about five acres in the orchard, and would render the whole farm inadequate to a profitable income for the purpose of rental for the year 1885; that his threatened action was contrary to the agreement of the lease under which it was his duty to manage and cultivate the farm in a good and husbandlike manner, according to the custom of the county; that if the threatened conduct of defendant was carried into effect, it would operate as a fraud upon them, and in fraud of their just rights, and would amount to waste as to complainants, and an abuse and misuse of said premises, and also a conversion of said farm to a use repugnant

to the terms of said lease, and to the injury of the just rights of complainants, which injury they allege to be irreparable.

The bill also alleges that the defendant is insolvent, and prays for an injunction to prevent him from plowing, cultivating, or preparing for wheat any more land on the south half of the farm,—being the half upon which the meadow is situated, and from plowing, cultivating, or preparing any of the north half of the farm for wheat, except two fields thereon situated, not exceeding thirty acres.

A subpœna to appear and answer the bill was served upon the defendant, together with an injunction which had been granted as prayed for in the bill ; notwithstanding which the defendant continued to plow up the meadow field, which contained about twenty acres, and of which about two and one-half acres had been plowed previous to his being served with the injunction ; and he so continued to plow until he had laid about one-half of the meadow under plow.

Defendant filed his answer and moved to dissolve the injunction, and upon hearing the circuit court denied the motion. The complainants then moved the court, upon affidavits, for an order requiring the defendant to show cause why he should not be punished for his alleged misconduct in violating the injunction, which was granted. Defendant filed his affidavit, and that of one of his solicitors, in answer to the order, in which he admitted the service upon him of the injunction in this suit, and that he had continued to plow about five or five and one-half acres thereafter. The court, upon hearing, adjudged that defendant was guilty of misconduct in violating the injunction issued in the cause, after the same was served upon him, by plowing and continuing to plow up said west field of the south eighty acres of the farm described in the bill and writ ; and that defendant was in contempt therefor ; and that his misconduct was calculated to impair, and actually had impaired and prejudiced the rights of complainants in and to the further use of the farm, and the remedy sought by complainants in their said bill of complaint in the cause, by injunction, to stay and prevent the injury complained of. The court then referred

it to a circuit court commissioner, to ascertain the actual loss and injury which had been occasioned or produced by the said misconduct of defendant in violating the injunction.

On the hearing before the commissioner, it was stipulated as follows:

"In this cause, the complainants being before the commissioner, ready to examine their witnesses and take other proofs, and the defendant not being ready, in order to avoid an adjournment and the making of further expenses, and to save the further attendance of witnesses and the accumulation of costs, it is stipulated between the parties by their respective solicitors, that the damage, if any, to the complainants on account of the plowing of a portion of the field mentioned in the order of reference, after the service of the injunction, shall be estimated at the sum of thirty-five dollars; the actual costs of complainants for the attendance of witnesses, together with his own fees, shall be ascertained by said commissioner, and reported to said court as part of his report on such reference; and it is further stipulated, that all the rights of defendant on the hearing of said report to deny the right of complainants to recover, and his right to appeal, shall be preserved, as if proofs had been taken by said commissioner, and an order of the court made thereon; and the order of the court in the premises shall be made as if such proofs had been taken and reported to said order of reference."

The commissioner thereupon made his report to the court, and the cause came on to be heard before the court upon the report, and the court made a decree that the defendant should pay to the complainants the sum of thirty-five dollars for actual loss and injury, together with costs, amounting in the aggregate to fifty-one dollars and forty cents, within ten days after making the order, and demand of the same of defendant, and personal service of a copy of the order, and in default he should be committed until he should pay, or until the further order. From this decree defendant appealed.

The main ground of the appeal is based upon the proposition, assumed by defendant's counsel, that the circuit court, in chancery, did not have jurisdiction of the subject-matter,

for the reason that complainants had a plain and adequate remedy at law; and counsel call attention to the statute, which provides that "the•circuit courts for each county shall have equity jurisdiction of matters concerning waste, in which there is not a plain, adequate, and complete remedy at law, and may grant injunctions to stay waste:" How. Stat. § 7956.

Independently of the statute, it was a branch of equity jurisdiction to prevent the commission of waste by injunction ; and we do not think that the language of the statute was intended to curtail the jurisdiction of courts of equity in matters of waste, but is merely in affirmance of their concurrent jurisdiction with courts of law. It is an established principle of equity jurisprudence, that courts of equity will not take cognizance of cases, where their jurisdiction is concurrent, if there is a plain, adequate, and complete remedy at law. There is in this case an implied covenant or agreement on the part of the defendant to use the farm in a husbandlike manner, and not exhaust the soil by improper tillage. A due proportion of meadow land upon a farm of the size and kind in question is consistent with good husbandry in the neighborhood, as appears from the record before us; and, upon principle, it would be waste for an outgoing tenant to plow up all the meadow land upon the farm, as much as it would be for an out-going tenant of garden ground to plow up strawberry beds: *Watherell v. Howells*, 1 Camp. 227.

But the case made by the complainants in their bill is not alone based upon the waste threatened, but it shows that the action proposed by the defendant would be a fraud upon their rights, as well as a violation of the implied covenants of his lease ; that taking advantage of the agreement that permitted him to take the way-going crop of wheat, if any, he had sown, he proposed to substantially deprive the complainants of the use of the farm for all beneficial purposes for the year 1885, by sowing nearly all the arable land to wheat, contrary to the usual course of husbandry in the neighborhood,

and contrary to what had been his own course of farming the previous years, while he had possession under the lease.

The case made by the bill was ample to confer jurisdiction upon the court, and justified it in interposing by injunction: Story, Eq. Jur. § 919.

The course pursued in the contempt proceedings was authorized by the statute. The amount decreed to be paid was not by way of fine, but to compensate the complainants for the actual injury or loss occasioned by the violation of the injunction, and is the amount agreed upon by the parties, through their solicitors, after the defendant had been adjudged guilty of the contempt. The actual damage and costs ascertained, in accordance with the statute, the defendant must pay, and cannot be retrieved therefrom because he acted under the advice of counsel: *Wilcox Silver Plate Co v. Shimmel*, 59 Mich. 523.

The decree of the circuit court is affirmed, with costs, and the record must be remanded, and decree of the court below carried into effect.

The other Justices concurred.