(17 Misc. Rep. 212.)

### PEOPLE ex rel. WISE v. TAMSEN.

(Supreme Court, Special Term, New York County. May, 1896.)

1. CONTEMPT—INTERFERENCE WITH JUDICIAL PROCEEDINGS.

The sureties in an undertaking given to discharge an attachment are, by justifying falsely, guilty of "unlawful interference" with the proceedings in the action, which Code Civ. Proc. § 14, subd. 4, makes punishable as a civil contempt.

2. SAME—DURATION OF IMPRISONMENT.

A commitment to enforce payment of a fine imposed for a civil contempt, in interfering with judicial proceedings, need not limit the duration of the imprisonment.

3. SAME—AMOUNT OF FINE.

The objection that the fine for justifying falsely, imposed on the sureties in an undertaking given to discharge an attachment, exceeds the amount of the undertaking, can be raised only by appeal, or by a motion to correct the alleged error, and cannot be raised on habeas corpus to discharge the sureties from a commitment for contempt.

Habeas corpus by Leopold Wise against Edward J. H. Tamsen, sheriff of the city and county of New York. Dismissed.

Blumenstiel & Hirsch, for relator.

Tracy, Boardman & Platt (George S. Hastings and Charles H. Broas, of counsel), for sheriff.

SMYTH, J. The relator sued out a writ of habeas corpus directed to the sheriff of this county, claiming by his petition for the writ that he was unlawfully imprisoned and detained by said sheriff under a commitment issued against him for a civil contempt, a copy of which commitment he makes a part of his petition. On being brought before me, it was claimed by the relator: First, that the court by which the commitment was granted had exceeded its authority, and that it had no jurisdiction to grant said commitment; second, that the commitment, on its face, was defective in both matter and substance.

The sheriff returned that he held the relator in his custody under and in pursuance of a commitment, a copy of which is annexed to the relator's petition. This return was not traversed by the relator, who, through his counsel, conceded upon the hearing before me that all of the allegations and recitals in the warrant of commitment were true. In this commitment, among other facts, it is recited that in an action commenced in this court, wherein Henry J. Eddy and another, residents of this state, were plaintiffs, and L. & C. Wise Co., a foreign corporation, was defendant, the relator and one Charles Wise were, respectively, president and treasurer of said corporation, and that they were the active officers in control of its business and affairs; that, at the commencement of said action, a warrant of attachment was duly granted by a justice of this court, upon the application of the plaintiffs against the defendant's property; that it was duly delivered to the sheriff of this county, and that it was levied upon property belonging to the defendant in an amount amply sufficient to satisfy in full the claim of the plaintiffs, amounting to the sum of $7,034.41, and the costs and disbursements of said action; that the relator and Charles

Wise, then being president and treasurer, respectively, of the said defendant, at the city of New York, and acting in behalf of the defendant, made and executed an undertaking, in due form, under the provisions of section 688 of the Code of Civil Procedure, to discharge said attachment; that they severally appeared in person before a justice of this court, and severally falsely justified before said justice upon said undertaking as good and sufficient sureties, they being at that time wholly insolvent, insufficient, irresponsible, and not able to assume the obligations of such undertaking; that they were severally guilty of deceit, fraud, and misconduct, in that they did then and there, severally and each for himself, falsely testify, by way of justification, as sureties upon said undertaking, that they were severally worth not less than the sum of $100,000 in real and personal estate, over and above all liabilities, whereas in fact they were at the time of justifying as such sureties wholly insolvent; that upon such false testimony, and relying upon the truth thereof, the undertaking was approved by the said justice; an order was thereupon entered at a special term of this court, discharging the attachment and the lien thereunder; that actual loss, damage, and injury were thereby sustained by the plaintiffs, in that the plaintiffs have, by virtue of said attachment and the levy made thereunder upon the property of the defendant, acquired a lien on said property, by means whereof the full claim of the said plaintiffs, with the costs and disbursements in said action, was amply secured; that subsequently a judgment was recovered by the plaintiffs against the defendant for the sum of $7,256.43 damages and $335.39 costs, making in all the sum of $7,591.82; a judgment roll was filed, and judgment duly entered and docketed in the office of the clerk of the city and county of New York; that an execution upon the judgment was issued to the sheriff of the city and county of New York, which execution was subsequently returned wholly unsatisfied, and that no part of the judgment has ever been paid or in any manner settled, and that said judgment is now in full force and effect; that, after the commencement of said action, a receiver of all the property of the defendant therein was appointed by the court of chancery of the state of New Jersey, on the ground that the said company was wholly insolvent; that notice was duly and personally served upon the relator and Charles Wise, as sureties upon said undertaking, requiring them to pay the judgment recovered by the plaintiffs, and that the relator and Wise severally wholly failed, neglected, and refused to pay said judgment; that an action was thereafter commenced in this court on behalf of the said plaintiffs against the said relator and Charles Wise, as sureties upon the undertaking given by them to recover the sum of $7,500, the amount specified in said undertaking, with interest thereon and costs; that the summons and complaint therein were personally served upon the relator and the said Charles Wise, and that judgment was subsequently duly rendered and recovered therein, which judgment was duly entered and docketed in the office of the clerk of the city and county of New York for the sum of $7,586.53, damages and costs; that an execution was issued upon

said judgment to the sheriff of this county against the relator and said Charles Wise; that the said sheriff was unable to satisfy or collect the said judgment in whole or in part, and that said execution was returned by him wholly unsatisfied; no part of said judgment has since been paid, and that it is now in full force and effect, and within 60 days after the justification by the relator and Charles Wise, as sureties upon said undertaking, they severally, with intent to defraud, impair, impede, and prejudice the rights and remedies of the plaintiffs, and to hinder and delay them in the collection of their said judgment, and to prevent the enforcement of the undertaking in whole or in part, fraudulently conveyed and disposed of all the real estate in which at the time and on the occasion of their justification as sureties they claimed to have a valuable interest, amply sufficient to secure the payment in full of the plaintiffs' claim in the said action, and that, by reason of such misconduct, the relator and Charles Wise had severally been guilty of misconduct, deceit, fraud, and other acts in justifying as such sureties which were calculated to and actually did impair, impede, and prejudice the rights and remedies of the plaintiffs in their said action, by depriving them of the lien and security which they acquired by reason of the levying of the said attachment on said property; that an order was granted by a justice of this court requiring the relator and the said Charles Wise to severally show cause why they should not be punished for such fraud, deceit, misconduct, and contempt, which order was duly personally served upon them, respectively; that the said relator and the said Charles Wise severally appeared pursuant to said order in person and by their attorneys, and that such proceedings were thereafter had pursuant thereto that a further order was made at a special term of this court, whereby the said relator and the said Charles Wise were ordered, directed, and required to pay to the plaintiffs in said action or to their attorneys, after the service of a certified copy thereof upon them or upon their said attorneys, the sum of $7,962.42, with interest thereon from the date of said order; and it was therein provided that, in case of the failure of the relator and the said Wise to pay the amount as directed therein, the plaintiffs were authorized, without further notice to them or their attorneys, and upon proof to the satisfaction of the court of the service of the said order in the manner therein required, and default in the payment of the money therein ordered to be paid either in whole or in part, that a motion might be made at a special term of this court, on a day therein specified, or on any day thereafter, that a warrant issue without notice for the commitment of the said relator and the said Charles Wise to the county jail of this city and county until the said sum of money should be paid in full, or until they should be discharged according to law. It then recites that a stipulation was entered into between the relator and the said Charles Wise and the plaintiffs in the said action providing for a stay of proceedings upon said order upon the payment in installments by the relator and said Charles Wise of the aforesaid judgment upon said stipulation, on days therein appointed and specified, and that, in default

of making such payments, the plaintiffs in said action were entitled to apply ex parte and without notice to the relator and to the said Charles Wise, or their attorneys, for an order vacating said stay of proceedings, and, for the forbearance on the part of the plaintiffs and the said attorneys by reason of said stipulation, the plaintiffs were to be in no wise prejudiced or impaired in their rights and proceedings under the said order of the 13th of November, 1894, made in pursuance of said stipulation; that due proof had been made of the neglect and refusal of the relator and Charles Wise to comply with the terms of said stipulation and the order entered thereupon, and that a further order was made therein vacating said stay of proceedings; that the sum of $3,150 had been paid by the relator and Charles Wise on account of their aforesaid liability, and that the sum of $4,950.85 now remains due and unpaid on account of said fine, after deducting all credits to which the said relator and the said Charles Wise are entitled, and that a personal demand had been made upon the relator and the said Charles Wise to pay said sum, and that the payment thereof had been refused; that the said relator and Charles Wise were severally adjudged guilty of a disobedience of said order of the 13th of November, 1894, requiring the payment of such sum of money, specified as aforesaid, and that the said order is in full force and effect and operative, and that, by reason of their failure to obey the order, they are severally liable to punishment therefor, as for a contempt of this court, pursuant to the Code of Civil Procedure, and that their failure, neglect, and refusal are calculated to, and did, actually impair, impede, and prejudice the rights and remedies of the plaintiffs in said action and the rights and powers of this court; that, by a further order made at the special term of this court, it was provided that the relator and the said Charles Wise should be severally committed to the county jail, there to remain until the said sum of $4,980.85 should be fully paid, or until the said relator and Charles Wise be sooner discharged by the court, according to law; and that a warrant issue out of and under the seal of the supreme court of the state of New York directed to said sheriff, requiring him to arrest the relator and the said Charles Wise, and to keep them in his custody in said county jail until they shall have fully paid the said sum of money, or until they should be sooner discharged by the court, according to law.

On the hearing before me, it was claimed that, the relator not being a party to the action in which the wrong is alleged to have been committed, and not having been proceeded against as a party to the action, the court had no jurisdiction over him, neither had it power to render the judgment or make the order under which said commitment was made, and under which he now stands committed; and, in support of this claim, reference was made to section 14 of the Code of Civil Procedure, which provides that:

"A court of record has power to punish by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the

court, may be defeated, impaired, impeded or prejudiced in either of the following cases:

\* \* \* \* \* \* \* \* \* \* \* \* \*

"Subd. 2. A party to the action or special proceeding, for putting in fictitious bail or a fictitious surety, or for any deceit or abuse of a mandate or proceeding of the court."

And it was urged by the counsel for the relator that the relator, not being a party to the action in which the undertaking was given, was not embraced within the provisions of subdivision 2 of section 14 of the Code, applicable to the punishment of parties for the violation of its orders. If the proceedings now pending before me were instituted under said subdivision 2 of section 14 of the Code, it is clear that I would be compelled to discharge the relator from imprisonment under the warrant; but the learned counsel who represented the relator was laboring under a mistake in supposing that said proceedings were taken under that subdivision, for these proceedings were not instituted under that subdivision of the section, but were instituted under subdivision 4 of the same section, which provides that:

"A person, for assuming to be an attorney or counselor, or other officer of the court, and acting as such without authority; for rescuing any property or person in the custody of an officer by virtue of a mandate of the court; for unlawfully detaining or fraudulently and willfully preventing, or disabling from attending or testifying, a witness, or a party to the action or special proceeding, while going to, remaining at, or returning from, the sitting where it is noticed for trial or hearing; and for any other unlawful interference with the proceedings therein."

It was under the provisions of the last clause of this section that the proceeding which resulted in the issuing of the warrant upon which the relator is now held was instituted.

The authorities to which reference is hereafter made clearly establish that the relator, by falsely justifying as a surety upon the undertaking, and thereby obtaining a discharge of the attachment and the release of the property upon which it was levied (which he admits that he did), thereby defeated a provisional remedy by preventing the full payment of the plaintiffs' judgment, and, by so doing, was clearly guilty of unlawfully interfering with the proceedings therein. In Lawrence v. Harrington, decided by the general term of the Second department, and reported in 63 Hun, 195, 17 N. Y. Supp. 649, and subsequently affirmed by the court of appeals in 133 N. Y. 690, 31 N. E. 627, it was held that the sureties upon an undertaking on appeal in said action, who are not parties to the action, and who had justified as sureties upon said undertaking, and who testified falsely as to their sufficiency as sureties, were guilty of a contempt under said last-mentioned subdivision of the Code. Pratt, J., who delivered the opinion of the court, distinctly held that, under subdivision 4 of section 14 of the Code, the sureties were persons guilty of an interference with the progress of the action, and that by it the right of the plaintiffs was impeded; that they were prevented from collecting their judgment, which constituted, under said section, a contempt; and that it was an interference with the due and orderly progress of the action to its

ultimate close, and impeded the rights of the plaintiffs in collecting their judgment. The same doctrine was held in the case of King v. Barnes, 51 Hun, 550, 4 N. Y. Supp. 247, which was subsequently affirmed, and is reported in 113 N. Y. 476, 21 N. E. 182. There are other authorities bearing upon the same subject, which it is not deemed necessary to cite, which clearly·establish that the court had jurisdiction and the right to grant the warrant of commitment under which the relator is held.

The second objection is as to the validity of the warrant, because there was no time limited in it for the imprisonment of the defendant. An examination of the provisions of the Code has satisfied me that this objection is without force, and that the warrant contains all the necessary averments which the provisions of the Code require. By section 2284 of the Code of Civil Procedure the court is vested with the authority to impose a fine in a case of this character. By this section it is provided that "if an actual loss or injury has been produced to a party to an action or special proceeding by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law that an action may be maintained to recover damages for the loss or injury, a fine sufficient to indemnify the aggrieved party must be imposed upon the offender, and collected and paid over to the aggrieved party, under the direction of the court"; and that the payment and acceptance of such a fine constitute a bar to such an action by the aggrieved party to recover damages for the loss or injury. In this case it is not only established, but it is also conceded, that the plaintiffs in the action in which the attachment was issued sustained actual loss and injury by reason of the misconduct and contempt charged in the commitment on the part of the relator in refusing to perform the act or duty which the court required him to do, and which it is yet in his power to perform. In People v. Grant, 41 Hun, 351, the judgment provided, among other things, that a certain note should be delivered up to the plaintiff, and canceled. The defendant failed to comply with the direction, and for that failure he was held liable to be proceeded against as for a contempt, and the order directing his imprisonment until he should deliver up the note to the plaintiff was upheld. It was therefore necessary, under section 2285 of the Code, to specify only the act or duty to be performed and the sum to be paid. The relator's omission to obey the order of this court for the payment of the fine imposed upon him constituted an act which, in judgment of law, was within his power to perform, and upon its performance he will be entitled to his discharge. In Re Morris, 45 Hun, 167, Mr. Justice O'Brien, in delivering the opinion of the court, cites the Case of Davison, reported in 13 Abb. Prac. 138, in which Mr. Justice Ingraham held that, "if it appears on the return to a writ of habeas corpus that the prisoner is detained in custody for a contempt which is specifically and plainly charged in the commitment [as it is in this case] by some court having authority to commit for the contempt charged [as this court undoubtedly has], it is the duty of the officer conducting the proceeding forthwith to remand the pris-

oner into custody." It is further claimed on the part of the relator that the amount of the fine imposed exceeded the amount for which the relator and Charles Wise rendered themselves liable upon the undertaking to discharge the attachment, and that no greater amount could be recovered in the action which was brought against them to enforce their liability upon said undertaking than the amount specified therein. This was a matter which should be, and doubtless was, brought to the attention of the justice who made the order imposing the fine; and, if the relator and his co-defendant were aggrieved by the decision arrived at, their remedy was either by appeal or by a motion to correct the alleged error, if any existed. No appeal appears to have been taken from said order, nor does there appear to have been any motion made to correct the alleged error; and, by the execution of the stipulation above referred to, the relator, in my opinion, waived the alleged error as to the amount of the fine which was imposed. I have carefully examined the brief and replying brief which have been presented to me by the relator's counsel, and the cases cited by him, none of which, in my opinion, have any application to the questions involved in the matter pending before me. Entertaining those views, it follows that the writ must be dismissed, and the prisoner remanded to the custody of the sheriff.

Writ dismissed and relator remanded.