## PERRY v. PERNET.

[No. 20,571. Filed June 2, 1905.]

1. HABEAS CORPUS.—Husband and Wife.—Support.—Failure to Pay.—Collateral Attack.—The writ of habeas corpus is not available in behalf of a husband, committed to jail for contempt of court because of his failure to pay a decree for the support of his wife, unless such decree is void. p. 69.

2. CONSTITUTIONAL LAW.—Imprisonment for Debt.—Decree for Wife's Support.—A decree against a husband for the payment

of a weekly allowance for his wife's support is not a debt within the meaning of the Constitutional provision (Art. 1, §22) prohibiting imprisonment for the failure to pay a debt.   p. 70.

3.   HABEAS CORPUS. — Contempt. — Errors. — How Reviewed. —· Errors committed by a court in a case of contempt where the court has jurisdiction of the parties and subject-matter can not be reviewed by the writ of habeas corpus, but must be presented by an appeal.   p. 70.

4.   JUDGES.—Special.—Waiver of Objections to Appointment.—A failure to object to the appointment of a special judge, or to his trying the cause, is a waiver thereof, and no objection can be raised on appeal.   p. 70.

5.   CONTEMPT.—Civil.—Failure to Pay Decree for Support.—A failure by the husband to pay a decree for the support of his wife constitutes a civil contempt.   p. 70.

6.   STATUTES.—Construction.—Contempt.—The right to punish for civil contempts is not denied by statute (§§1017-1025 Burns 1901, §§1005-1013 R. S. 1881), but is expressly excepted therefrom (§1026 Burns 1901, §1014 R. S. 1881).   p. 71.

7.   CONTEMPT.—Sentence.—Indefiniteness.—In cases of civil contempt the sentence does not need to be for any definite period, the object being coercion.   p. 71.

8.   SAME.—Civil.—Sentence.—Inability to Comply with.—Power of Court.—Where a person is under sentence for a civil contempt he has power to secure a release by payment, or the court may order a release upon defendant's showing of an inability to comply with the court's decree.   p. 73.

9.   SAME.—Sentence.—Excessive.—Validity.—An excessive sentence, in a case of civil contempt, is not rendered void because of such erroneous excess.   p. 73.

From Clark Circuit Court, *Harry C. Montgomery,* Judge.

Action by Charles Perry against James S. Pernet. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Frank M. Mayfield,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for appellee.

MONKS, C. J.—This is a proceeding by writ of *habeas corpus* against appellee, sheriff of Clark county, Indiana, for the discharge of appellant from the jail of said county. Final judgment was rendered remanding appellant to the custody of appellee.

It appears from the record that the wife of the appellant brought an action against him for support, under the statute; that the court ordered that he pay to his wife the sum of $5 per week. Upon his failure to comply with said order the wife filed an affidavit against the appellant, asking that he be cited to appear and show cause, if any he had, why he should not be punished for contempt for failing to comply with said order of the court; that the court, after hearing the evidence, adjudged on January 7, 1905, that the appellant was guilty of contempt of court, and that he "be imprisoned in the county jail of Clark county until said order is complied with, or until the further order of the court."

On February 2, 1905, appellant filed his complaint in the court below for a writ of *habeas corpus,* praying that he be discharged for the following reasons: "(1)

1. That appellant was not, at the rendition of said order, nor is he now, in contempt of court in failing to comply therewith, because he says that at the time said order was made he was, and still is, wholly without any property, real or personal; that he did not then have, nor has he now, any money, rights, credits or effects in his possession or under his control, or in the possession or control of any other person; that he has in good faith made every effort in his power to comply fully with said order, but has wholly failed. (2) That said judgment upon which said order for contempt was made was a civil judgment, and his failure to comply therewith did not render him in contempt of court. (3) That said order of commitment is void, because the term of imprisonment is not fixed thereby at some period not exceeding three months, as provided by §1022 Burns 1901, §1010 R. S. 1881 and Horner 1901. (4) The record and judgment under and by which your petitioner is restrained of his liberty does not show that Hon. William C. Utz, who acted as judge of the court below when said order of commitment was made,

and by whom the same was made, was ever appointed special judge to try and determine said alleged contempt proceedings." This proceeding is a collateral attack upon the judgment committing appellant to the county jail, and can not succeed unless said judgment is absolutely void. *Williams* v. *Hert* (1901), 157 Ind. 211, 87 Am. St. 203, and cases cited; Gillett, Crim. Law (2d ed.), p. 57.

The court had jurisdiction of the subject-matter of the proceeding against appellant for contempt of court and of his person.   Imprisonment in such a case is not imprisonment for debt within the meaning of the Constitution (Art. 1, §22). *Stonehill* v. *Stonehill* (1896), 146 Ind. 445, 447, and cases cited.

Errors, if any, committed by the court in the contempt proceedings can be reviewed and corrected only on appeal. *Williams* v. *Hert, supra; Koepke* v. *Hill* (1901), 157 Ind. 172, 87 Am. St. 161, and cases cited; *Winslow* v. *Green* (1900), 155 Ind. 368, 369.

When a judge has been called or an attorney has been appointed to try a cause as provided by statute, and no objection is made at the time, or to his sitting in the cause when he assumes to act, all objections thereto will be deemed waived on appeal. *Ripley* v. *Mutual Home, etc., Assn.* (1900), 154 Ind. 155, 156, and cases cited; *Crawford* v. *Lawrence* (1900), 154 Ind. 288, and cases cited; *Lillie* v. *Trentman* (1891), 130 Ind. 16.

Contempts of court are classified as civil and criminal. To lay down a general rule by which in all cases these two classes may be distinguished is impracticable.   It was said in *Phillips* v. *Welch* (1876), 11 Nev. 187, 190: "If the contempt consists in the refusal of a party to do something which he is ordered to do for the benefit or advantage of the opposite party, the process is civil and he stands committed until he complies with the order.   The order in such case is not punitive, but coercive. If on the other hand the contempt consists in the doing

of a forbidden act injurious to the opposite party, the proc-, ess is criminal and conviction is followed by a penalty of fine or imprisonment or both, which is purely punitive.    In the former case the private party alone is interested in the enforcement of the order, and the moment he is satisfied, the imprisonment terminates; in the latter case the state alone is interested in the enforcement of the penalty." Rapalje, Contempts, §21; 7 Am. and Eng. Ency. Law (2d ed.), 28, 29.    It is evident that the proceeding against appellant for the failure to comply with the order of the court was a case of civil contempt.

Such contempt cases are expressly excepted from the operation of §§1017-1025 Burns 1901, §§1005-1013 R. S. 1881, by §1026 Burns 1901, §1014 R. S. 1881, which provides:  "That nothing herein shall be construed or held to embrace, limit, or control, any proceeding against any officer or party for contempt for the enforcement of civil rights and remedies."   Section 1022, *supra,* cited by appellant, which limits the power of courts to punish contempts, did not therefore apply to this proceeding against appellant.

It has been held that when the imprisonment is inflicted as a punishment for the contempt, a definite term must be named.  *People, ex rel.,* v. *Pirfenbrink* (1879), 96 Ill. 68; Rapalje, Contempts, pp. 179, 180.   But when the imprisonment is inflicted not as a punishment, but as a means to compel the party to do some act ordered by the court, the rule is otherwise.  *People, ex rel.,* v. *Pirfenbrink, supra; Kernodle* v. *Cason* (1865), 25 Ind. 362, 363; *Ex parte Wright* (1879), 65 Ind. 504, 511; *Tindall* v. *Nisbet* (1901), 113 Ga. 1114, 39 S. E. 450, 55 L. R. A. 225; *Cobb* v. *Black* (1865), 34 Ga. 162, 166; *Drakeford* v. *Adams* (1896), 98 Ga. 722, 724, 25 S. E. 833; *In re Allen* (1876), 13 Blatch. 271, 275; *Chapel* v. *Hull* (1886), 60 Mich. 167, 26 N. W. 874; *Forrest* v. *Price* (1893), 52 N. J. Eq. 16, 29 Atl. 215; *Jernee* v.

*Jernee* (1896), 54 N. J. Eq. 657, 35 Atl. 458; *People, ex rel.,* v. *Tamsen* (1896), 17 Misc. (N. Y.) 212, 40 N. Y. Supp. 1047; *State, ex rel.,* v. *Irwin* (1887), 30 W. Va. 404, 4 S. E. 413; *Towme's Appeal* (1865), 50 Pa. St. 285, 291, 295-299; 7 Am. and Eng. Ency. Law (2d ed.), 68, 69, 72, 73; 9 Cyc. Law and Proc., 35, 53; Rapalje, Contempts, pp. 79, 180; note to *In re Cary* (1882), 10 Fed. 622, 629.

In *Kernodle* v. *Cason, supra,* it was held that if a defendant fails to purge himself from the contempt of failing to pay money for the support of his wife as required by an order of court, the court may order him to be imprisoned until he pays the money, or is otherwise legally discharged. It was held in *Tindall* v. *Nisbet, supra,* that a failure or refusal to comply with an order of court to deliver or pay money or the like, or to purge the contempt is "a continuing contempt, and the court may order the imprisonment of such party until he complies with such order." Citing *Cobb* v. *Black* (1865), 34 Ga. 162, 166; *Drakeford* v. *Adams, supra.* It was said in 7 Am. and Eng. Ency. Law (2d ed.), 68: "The performance of any act, whether it be the payment of money, the delivery of property, or the doing of some other thing adjudged to be within the power of the contemnor and ordered by the court to be performed, which he, in contempt of the order, refuses to obey, is commonly coerced by imprisonment. In such case it is not necessary that the order of commitment designate a definite duration for the imprisonment. The punishment is purely coercive, and it is sufficient that the contemnor be committed until he purge himself of the contempt by signifying his willingness to perform the act, or until the further orders of the court." The object in this case was not to punish appellant for an act done in contempt of court but to compel him to pay the amount due under said order for the support of his wife, when the contempt proceeding was commenced.

On the payment of said amount, which was not uncertain, and the cost of said contempt proceeding, appellant

was entitled to be discharged, and the court below, 8. under the terms of said order of commitment, on the application of appellant and notice to the party to whom the money is due, has the power to discharge him from custody on his showing that his failure to pay said amount since the commitment is due to an actual inability to do so. *Hendryx* v. *Fitzpatrick* (1884), 19 Fed. 810; *Wartman* v. *Wartman* (1853), Taney 362, Fed. Cas. No. 17,210; *Lansing* v. *Lansing,* 41 How. Pr. 248; *Thweatt* v. *Kiddo* (1877), 58 Ga. 300, 303; *Tindall* v. *Nisbet, supra;* Rapalje, Contempts, §137; 7 Am. and Eng. Ency. Law (2d ed.), 72, 73, 75, 76.

It was said in *Hendryx* v. *Fitzpatrick, supra,* on page 814: "We do not mean to be understood that the court has a general discretion to annul orders passed for the benefit of a party to the suit; but that where inability is shown to comply with the order—as, for instance, insanity, if the decree requires an act to be done, or poverty, if the decree is for the payment of money—it is according to the course of the court, and of all courts, to discharge the imprisonment, of which the end is proved to be unattainable."

"After imprisonment has been tried for a reasonable time and proved unfruitful as a remedy, the question can be made how and when it ought to terminate. Doubtless, there is some way to reach a case of *bona fide* poverty, and prevent imprisonment from becoming perpetual, or even from being unduly protracted." *Thweatt* v. *Kiddoo, supra.*

But even if the term of imprisonment in a civil contempt case ought to be fixed at a definite period not exceeding three months, under §1022 Burns 1901, 9. §1010 R. S. 1881, as contended by appellant, and the punishment was excessive for that reason, the failure to fix such time did not deprive the court of jurisdiction over the subject-matter, or of the person of appellant, or render the judgment absolutely void. This is true because excessive punishment does not render a judgment

void, but it is only invalid, if at all, as to the excess. 7 Am. and Eng. Ency. Law (2d ed.), 68, 69; Van Fleet, Collat. Attack, §§742, 743; Church, Habeas Corpus (2d ed.), §§353, 353a, 372, 373; *State* v. *Arnold* (1896), 144 Ind. 651, 659, and cases cited; *Lowery* v. *Howard* (1885), 103 Ind. 440; *Tindall* v. *Nisbet, supra; Jackson* v. *Boyd* (1880), 53 Iowa 536, 5 N. W. 734; *Elsner* v. *Shrigley* (1890), 80 Iowa 30, 45 N. W. 393; *People* v. *Markham* (1857), 7 Cal. 208; *Ex parte Bulger* (1882), 60 Cal. 438; *People, ex rel.,* v. *Baker* (1882), 89 N. Y. 460, 467; *People* v. *Bauer* (1885), 37 Hun 407; *Ex parte Mooney* (1885), 26 W. Va. 36, 53 Am. Rep. 59; *In re Graham* (1889), 74 Wis. 450, 43 N. W. 148, 17 Am. St. 174; *In re Crandall* (1874), 34 Wis. 177, 179; *Ex parte Shaw* (1857), 7 Ohio St. 81, 70 Am. Dec. 55; *Senott's Case* (1888), 146 Mass. 489, 16 N. E. 448, 4 Am. St. 344; *White* v. *Morse* (1885), 139 Mass. 162, 29 N. E. 539; *Ex parte Bond* (1877), 9 S. C. 80, 30 Am. Rep. 20; note to *Mullin* v. *People* (1890), 22 Am. St. 422.

Finding no error in the record, the judgment is affirmed.