## W. H. Hodge et al. v. The People of the State of Illinois, for the use of Sarah J. Franklin.

1. Costs—*Rights to, Purely Statutory.*—The right of a party to recover costs is purely statutory. At common law he could not recover them. Under the statute, the successful party only can recover costs.

2. Same—*A Jury has no Power Over the Costs.*—The finding in the

verdict by a jury that the successful party pay all the costs, in the judgment rendered by a justice on the verdict, the provision that he pay all the costs may be rejected as surplusage, because without authority, unnecessary and superfluous.

3. JUSTICES OF THE PEACE—*No Power to Direct Payment of Costs by the Successful Party.*—A justice of the peace has no power to direct that the costs be first paid out of a judgment collected by him before turning it over to the plaintiff, even though the jury may have so directed in their verdict.

4. VERDICTS—*What May be Regarded as Surplusage.*—In the following verdict, " We, the jury, find the issues with the plaintiff, and fix her damages at $50, and the plaintiff to pay all the costs," the words " and the plaintiff to pay all the costs " must be regarded as surplusage.

**Assumpsit,** for board, etc. Trial in the Circuit Court of Schuyler County; the Hon. HARRY HIGSBEE, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

GLASS & BOTTENBERG, attorneys for plaintiffs in error.

WILLARD & PRICHARD, attorneys for defendant in error.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

In the month of June, 1897, Sarah J. Franklin brought suit against one John S. Bagby, as guardian of Viola and Arvilla Franklin, for their board, before one A. L. Noble, a justice of the peace of Schuyler county, for $200. On the return day of the summons Noble was sick and William H. Hodge, one of the plaintiffs in error herein, a justice of the peace, was called, and by agreement of parties, the case was tried before him with a jury. The jury returned the following verdict: " We, the jury, find the issues with the plaintiff, and fix her damages at $50, and the plaintiff pay all the costs."

Thereupon the justice entered the following judgment upon the verdict. " It is therefore considered that the said plaintiff have and recover of the said defendant the sum of fifty dollars and the plaintiff pay all the costs."

Afterward John S. Bagby, as guardian of Viola and Ar-

villa Franklin, paid to William H. Hodge, the justice before whom the case had been tried, $47, being the amount of the judgment, less $3 that Bagby had advanced as jury fees. Bagby directed Hodge, out of the $47, to pay first the costs, and to apply the balance on the judgment. Hodge paid the costs.

This is an action of debt brought on the bond of William H. Hodge, as a justice of the peace, by the defendant in error, to recover of him and his sureties the $47 paid him by Bagby.

The declaration contains but one count, and the only breach assigned is, that the plaintiff in error, Hodge, as a justice of the peace, received money on the judgment of defendant in error against Bagby and refused to pay it over to her on demand. The only pleas filed were *nil debet* and tender of $26.50.

The case was tried by the court without the intervention of a jury, and the court after hearing the evidence found the issues for the plaintiff below, and upon overruling a motion for a new trial made by defendant, entered judgment on the finding for $47, and the case comes to this court on a writ of error.

The right of a party to recover costs is purely statutory. At common law a party could not recover costs. Under the statute, the successful party only can recover his costs. Hence, when Mrs. Franklin recovered a judgment against Bagby for her claim, no authority under the statute existed by which she could be taxed with all the costs in the case, or gave the justice any authority to so tax them. The finding in the verdict by the jury—that she should pay all the costs—and in the judgment of the justice rendered on the verdict—that she pay all the costs—may be rejected as surplusage, because without authority, unnecessary and superfluous. Helmuth et al. v. Bell et al., 150 Ill. 263; Fowler v. Peterson, 25 Ill. App. 81. Great reliance is rested upon the case of White v. Morse, 139 Mass. 162, by plaintiffs in error. It will be observed that in the case of White v. Morse, the action was one sounding in tort, for acts done by the defend-

ant as a trial justice, while in this case suit is brought on plaintiff in error's bond to recover money paid to Hodge as a justice by Bagby, to apply on a judgment rendered against him and in favor of Mrs. Franklin.   The Massachusetts statute as to the question of costs was different from our statute; under it the justice had to exercise a judicial function; under ours, to perform an act made plain by the statute.

The plaintiffs in error attempt to excuse Hodge in not paying the amount paid to him as justice by Bagby to Mrs. Franklin, because Bagby directed that the costs be first paid out of it.   Bagby had no right or authority to direct the application of these funds.  The receipt given by appellant Hodge as a justice of the peace to Bagby, shows conclusively that the money paid him by Bagby was in satisfaction of the judgment.   It reads as follows:

"RUSHVILLE, ILL., July 16, 1897.

Received of John S. Bagby, Guard. Franklin, forty-seven and no dollars balance due on judgment in favor of Sarah J. Franklin.

$47.                                    W. H. HODGE, J. P."

This money was paid to Hodge, plaintiff in error, as a justice of the peace, to satisfy in full the judgment Mrs. Franklin recovered against Bagby, and under the facts and circumstances in proof in this case she is entitled to recover it from Hodge, regardless of the costs.

Being satisfied the judgment of the court below is right, it is affirmed.