# CASES

## Commissioners of Highways of Saline Township, Appellants, v. John Klaus, Appellee.

1. COSTS, § 82*—*when taxing costs against successful party improper.* On appeal to the Circuit Court from a justice judgment taxing all costs against the appellants when they prevailed in their suit, *held* error.

2. ROADS AND BRIDGES, § 43*—*right of owner of land to damages caused by vacation of highway.* Where land crossed by a highway is damaged on account of the vacation of the highway by the Highway Commissioners, the owner is entitled to compensation by virtue of section 13 of article 2 of the Constitution, J. & A. ¶ 143, and also sections 39, 40, 41 of the act relating to "Roads and Bridges," J. & A. ¶¶ 9666-9668.

3. ROADS AND BRIDGES, § 147*—*when direction of verdict in proceeding to assess damages caused by vacation of highway improper.* On appeal to the Circuit Court from a judgment rendered on a petition filed by Highway Commissioners to assess damages to land on account of the vacation of a public highway across such land, a direction of a verdict to find the issues for the Commissioners and to find that the owner was not entitled to any damages, *held* error.

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed October 9, 1913. Rehearing denied January 6, 1914.

J. P. STREUBER and D. H. MUDGE, for appellants.

C. H. BURTON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The questions submitted to us in this case grew out of the following facts: John Klaus, appellee, is the owner of some seventy acres of land in section four in Saline township, Madison county, Illinois, which was crossed at the extreme northeast corner by a public highway, which had existed there for some fifty years. The Commissioners of Highways of said township, on petition properly filed, decided to vacate said highway and entered an order to that effect. Thereafter, being unable to agree with appellee, said Commissioners filed their petition before a justice of the peace of said township for the purpose of having the damages claimed by him and others ascertained and determined. Upon the trial the jury awarded appellee twenty-five dollars for his damages, and he, being dissatisfied with the amount, took an appeal to the Circuit Court, where the case was again heard with a jury.

At the conclusion of the evidence introduced by appellee, the court instructed the jury to find the issues for the Commissioners and to find that appellee was not entitled to any damages, to which action of the court appellee excepted. The jury thereupon returned a verdict in favor of the Commissioners in accordance with said instructions, and John Klaus entered a motion for a new trial, which was overruled. The court subsequently entered a judgment against the Commissioners of Highways for the costs of the suit and they

have appealed from that judgment to this court. Appellee, Klaus, has also filed cross-errors. Both appellants and appellee have joined in the request that the judgment in this case be reversed and the cause remanded and both state good reasons why these requests should be granted.

It is provided in section 20, ch. 33 of our Revised Statutes (J. & A. ¶ 2734) that: "In all cases of appeal or certiorari, upon the judgments of justices of the peace, when the judgment of the justice of the peace shall be wholly affirmed or reversed, the party succeeding shall recover from the opposite party his costs, not only in the Appellate Court but before the justice of the peace.

In the case of *Hodge v. People,* 78 Ill. App. 378, it was said: "The right of a party to recover costs is purely statutory. At common law a party could not recover costs. Under the statute, the successful party only can recover his costs." The court below therefore erred in taxing all the costs against appellants when they prevailed in their suit.

Appellee's cross-errors raise the question of the right of the court below to give the peremptory instruction to the jury to find the issues in favor of the Commissioners and to further find that appellee was not entitled to any damages. By a stipulation filed in the case, it was agreed that the road in question had been vacated by the Commissioners, and the proofs tended to show that the seventy acres of appellee's land were damaged by such vacation of the highway from five dollars to ten dollars per acre. Section 13 of article 2 of the Constitution of 1870 (J. & A. ¶ 143) provides that "Private property shall not be taken or damaged for public use without just compensation."

*Rigney v. City of Chicago,* 102 Ill. 64, which is a leading case upon the subject, was a suit against the city of Chicago to recover damages sustained by the plaintiff, by reason of the construction of a viaduct or bridge along a street in said city, which interfered with

communication with said street from certain dwelling houses occupied by the plaintiff and his tenants, and the doctrine was there recognized that under the said constitutional provision the physical obstruction of the right and means of access to the plaintiff's premises was an element of damage.

In *Lake Erie W. R. Co. v. Scott*, 132 Ill. 429, it is said: "A highway beside a farm may, and generally does, give it an increased value, depending, to some extent, upon the location of the buildings and the character and degree of use the owner may have for such highway. In so far as its use is interfered with or destroyed, the value of the farm is lessened, and for that the owner should recover, for he sustains some special pecuniary damages in excess of that sustained by the public generally."

By the same reasoning it would appear that appellee, Klaus, could not be lawfully deprived of the highway leading to his premises, which had been in existence for fifty years or more and the loss of which would injure the premises from five dollars to ten dollars an acre, by the Highway Commissioners, unless compensation should be paid him for the injury sustained.

In addition to any right of recovery appellee may have had by virtue of the constitutional provision above referred to, our statutes in relation to roads and bridges especially provides for ascertaining and paying the damages accruing to a landowner by the vacation of a road. Section 39 (J. & A. ¶ 9666) of said act provides that the commissioners before they shall "order any road to be established, altered, widened or *vacated*," ascertain in the manner provided by the act, the aggregate amount of damages which the owner of the land over which the road is to pass shall be entitled to, by reason of the location, alteration or *vacation* of such road. It is provided by section 40 (J. & A. ¶ 9667) that the damages sustained by the owner of the land by reason of the "establishment, alteration,

widening or *vacation* of any road'' may be agreed upon by the owners of such lands and the commissioners or they may be released by such owners, in which case the agreement or release shall be in writing and shall be filed and recorded with the copy of the order ''establishing, altering, widening or *vacating* such road'' in the town clerk's office. Section 41 (J. & A. ¶ 9668), with which this case is directly concerned, is in part as follows: ''In case such damages are not released or agreed upon as in the preceding section specified, the commissioners shall within ten days from the date of the meeting at which it was decided to grant the prayer of the petition, make certificate that they are about to establish, widen, *vacate* or alter a public road, describing such road, *vacation,* widening or alteration, and the land over or on which such road is to be established, altered, widened or *vacated* and naming the owners of such lands if known, and if not known stating the fact and asking for a jury to assess the damages of such owners.''

It follows from what is above said that the court below erred in instructing the jury to find a verdict in favor of appellants and also to further find that appellee was not entitled to any damages in the case. The judgment of the court below is reversed and the cause remanded, and it is ordered that each party pay one-half of the costs in this court.

*Reversed and remanded.*